UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

C.A. No. 03-12589-GAO

M²CONSULTING, INC.,                )
                                   )
                                   )
                Plaintiff,         )
                                   )
v.                                 )
                                   )
MRO SOFTWARE, INC.,                )
                                   )
                Defendant.         )
                                   )

## ANSWER TO COUNTERCLAIM

Plaintiff, M²Consulting, Inc., by its attorneys, alleges for its Reply to the Counterclaim of Defendant, MRO Software, Inc., as follows:

1. M²Consulting, Inc. ("M²Consulting"), admits the allegations of paragraph 1 of the Counterclaim.

2. M²Consulting admits the allegation of paragraph 2 of the Counterclaim that on November 4, 2002, M²Consulting and MRO Software, Inc. ("MRO"), executed a document entitled "MRO Software, Inc. MAXIMO Hosting Affiliate Agreement" (the "2002 Agreement"), the facts and circumstances surrounding which are set forth in detail in the Complaint. M²Consulting otherwise denies the allegations of paragraph 2 and to the extent that MRO seeks to characterize the terms of this document, M²Consulting respectfully refers the Court to the document for its terms.

3. M²Consulting denies the allegations of paragraph 3 of the Counterclaim and respectfully refers the Court to the document for its terms.

4. M²Consulting denies the allegations of paragraph 4 of the Counterclaim and respectfully refers the Court to the document for its terms.

5. M²Consulting admits the allegation of paragraph 5 of the Counterclaim that MRO sent a letter, dated October 24, 2003, purporting to terminate the relationship and respectfully refers the Court to the letter for its terms. M²Consulting denies the remainder of the allegations of paragraph 5 of the Counterclaim.

6. M²Consulting denies the factual allegations of paragraph 6 of the Counterclaim except admits that the amount sought by MRO was not paid to MRO and further states that the amount sought by MRO was not owed to MRO. M²Consulting further states that to the extent that the allegations of paragraph 6 of the Counterclaim constitute legal conclusions, no response is required.

7. M²Consulting denies the factual allegations of paragraph 7 of the Counterclaim and states that to the extent that the allegations of paragraph 7 constitute legal conclusions, no response is required.

8. M²Consulting states that the allegations of paragraph 8 of the Counterclaim constitute legal conclusions to which no response is required.

9. M²Consulting denies the allegations of paragraph 9 of the Counterclaim excepts admits that the M²Consulting Web site states, "M2

Consulting partners with MRO Software and AT&T (co-location Data Center Partner) to bring full benefits of Maximo® to the user without the need for additional IT resources or infrastructure investment by letting users access the system across a datalink, usually the Internet."

10. M²Consulting admits the allegation of paragraph 10 of the Counterclaim that on March 22, 2000, M²Consulting and MRO executed a document entitled "Agreement Between M² Consulting, Inc. and PSDI for MAXIMO® Application," the facts and circumstances surrounding which are set forth in detail in the Complaint. M²Consulting otherwise denies the allegations of paragraph 10 of the Counterclaim and to the extent that MRO seeks to characterize the terms of this document, M²Consulting respectfully refers the Court to the document for its terms.

11. M²Consulting denies the allegations of paragraph 11 of the Counterclaim and to the extent that MRO seeks to characterize the terms of this document, M²Consulting respectfully refers the Court to the document for its terms, and further states that to the extent the allegations constitute legal conclusions, no response is required.

12. M²Consulting denies the allegations of paragraph 12 of the Counterclaim except states that MRO has demanded certain payments, that such payments were previously waived by MRO and that such payments have not been made by M²Consulting.

13. M²Consulting denies the allegations of paragraph 13 of the

Counterclaim and states that to the extent the allegations constitute legal conclusions, no response is required.

## AFFIRMATIVE DEFENSES

14. The Counterclaim fails to state a claim for which relief can be granted.

15. The Counterclaim is barred in whole or in part by the doctrine of waiver, as set forth in the Complaint, whose allegations are incorporated herein by reference, and with respect to amounts allegedly owed under the 2000 Agreement, such amounts were waived by MRO Executive Vice President Ted Williams following receipt by MRO of a letter from M²Consulting President Rick Bevington, dated October 21, 2002.

16. The Counterclaim is barred in whole or in part by MRO's fraudulent inducement of M²Consulting to enter into the 2002 Agreement, as set forth in the Complaint, whose allegations are incorporated herein by reference.

17. The Counterclaim is barred in whole or in part by the doctrine of estoppel, as set forth in the Complaint, whose allegations are incorporated herein by reference.

18. The Counterclaim is barred in whole or in part by failure of consideration, as set forth in the Complaint, whose allegations are incorporated herein by reference

WHEREFORE, Plaintiff demands judgment dismissing Defendant's Counterclaim and granting such other and further relief as this Court deems

just and equitable.

M2 Consulting, Inc.
By its Attorneys
Fee Rosse & Lanz, PC

By: /s/ Michael C. Fee

Michael C. Fee (BBO NO. 552796)
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776
(978) 440-7000

Of Counsel:

/s/ John M. Teitler (MCF)

John M. Teitler (Pro Hac Vice)
Teitler & Teitler
1114 Avenue of the Americas
New York, NY 10036
(212) 997-4400

## CERTIFICATE OF SERVICE

I, Michael C. Fee, hereby certify that a true copy of the foregoing document was served upon all counsel of record, directed to Lee T. Gesmer, Esq., Lucash, Gesmer & Updgrove, LLP, 40 Broad Street, Boston, MA 02109 this 13th day of March, 2004.

/s/ Michael C. Fee
Michael C. Fee

5