UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| M²CONSULTING, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 03-12589-GAO ) |
| MRO SOFTWARE, INC., | ) ) ) |
| Defendant. | ) ) |

PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT

The Plaintiff, M2 Consulting, Inc. ("M2"), hereby moves this Court, pursuant to Fed. R. Civ. P. 15(a), and Local Rule 15(a) for leave to file an Amended Complaint, and deem the Amended Complaint filed as of the date or the allowance of this Motion. The Amended Complaint is attached hereto as Exhibit "A".

As grounds for this Motion, M2 states as follows:

1.  This action arises out of the false and deceptive conduct of the defendant, MRO Software, Inc. ("MRO") in deploying a scheme to lure the plaintiff into a disadvantageous commercial relationship. MRO used that relationship to misappropriate the plaintiff's trade secrets and confidential business information. In order to provide its personnel with the maximum amount of time to learn M2's confidential and proprietary business information, MRO falsely represented to M2 that it would promote M2's Internet hosting capabilities for certain MRO created software known as Maximo, through MRO's North American sales force. MRO never did so, and when the timing was most advantageous, MRO terminated the relationship and launched internet web hosting operations for Maximo in direct competition with M2, using the

B0358901v1

-2-

proprietary and confidential information which it obtained in the course of its relationship with M2.

2. When M2 learned that MRO and commenced internet web hosting operations for Maximo using M2's confidential and proprietary business information, M2 commenced this litigation. The complaint was filed on December 23, 2003.

3. M2 has recently discovered that since the filing of the complaint, MRO has continued to tortiously injure M2, by maliciously seeking to interfere with its contractual and advantageous business relations, and by disparaging it to clients and potential clients in the marketplace. These facts are directly related to the claims and defenses already asserted in this action, and go directly to a variety of factual and legal issues which will of necessity be litigated in this case. These additional facts give rise to significant additional claims and remedies.

4. The Amended Complaint seeks to add claims for, *inter alia,* negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference with advantageous business relations, declaratory judgment, and injunctive relief. All of these additional claims arise from the factual information discovered, corroborated, or verified since the filing of the Complaint. The amended complaint also seeks to add an additional defendant, who has tortiously damaged M2 by participating in the above referenced tortious conduct. M2 now seeks to amend its Complaint to include a more comprehensive statement of facts, claims, and requests for relief arising from the totality of the Defendants' conduct.

5. Fed. R. Civ. P. 15(a) requires that leave [to amend a complaint] shall be freely given when justice so requires. As recognized by the Supreme Judicial Court, " a motion to amend should be allowed unless some good reason appears for denying it." *Castellucci v. U.S.*

-3-

*Fid. & Guar. Co.*, 372 Mass. 288, 290 (1977); *see also, Jones v. Town of Wayland*, 380 Mass. 110, 114-117 (1980). Indeed, if a motion to amend is denied, "the record should show some reason, express or apparent, for the denial." *Evans Product Company v. D.J. Development Corp.*, 6 Mass. App. Ct. 306, 309, *further app. rev. denied*, 375 Mass. 789 (1978). Furthermore, the burden is on the opposing party to establish the reason for denying the motion. *See DiGregorio v. Commonwealth*, 10 Mass. App. Ct. 861, 862-63 (1980 rescript).

6.   Undue prejudice against a non-moving party is the most frequently invoked reason for denying a motion to amend. *See Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321 (1971). Delay in amending a pleading is usually not a sufficient basis for denial, absent any prejudicial effect upon the opposing party. *Farkas v. Texas Instruments*, 429 F.2d 849, 851 (1st Cir. 1970). Massachusetts courts have consistently construed Mass. R. Civ. P. 15(a) in a similar manner. "While 'undue delay' may justify a denial, this Court has usually required some factor other than delay, such as imminence of trial or [the plaintiff's] attempting to introduce a totally new theory of liability." *Goulet v. Whitin Mach. Works, Inc.*, 339 Mass. 547 (1987); *see also Wolfe v. Ford Motor Company*, 6 Mass. App. Ct. 346 (1978) (no abuse of discretion in allowing M2' motion to amend three years after original complaint filed, as there was no evidence showing prejudicial effect upon the Defendant).

7.   No prejudice will result from allowing M2's motion to amend. First, discovery of this case is not scheduled to end until January 31, 2005. Since the current discovery schedule provides two months within which to complete discovery, the Defendants have sufficient time to conduct any discovery they wish prior to the expiration of that deadline.

8.   Second, because the parties have set the discovery schedule, they are free to extend that deadline by agreement. M2 is willing to agree to any reasonable extension of the

discovery deadline in the event that the Defendants are unable to complete discovery prior to its current expiration date and have so informed MRO.

9. Third, this action is less than a year old, the original complaint having been filed on December 23, 2003. None of the Defendants have yet been deposed, nor has any discovery been obtained in the case, with the exception of document productions by each side and Plaintiff's response to MRO's Interrogatories. There is consequently no duplication of effort which would be associated with the additional facts and claims asserted in the Amended Complaint. Lastly, this amendment will clarify M2's claims for fraud, misrepresentation, breach of contract, unjust enrichment, declaratory judgment, tortious interference with advantageous business relations, and injunctive relief, which will be necessary to a full and complete adjudication of this matter.

10. No substantial reason exists to contravene the liberal policy of amendment of pleadings which underlies Fed. R. Civ. P. 15. Therefore, M2's Motion for Leave to Amend should be allowed. M2 further requests that the Amended Complaint, attached hereto as Exhibit A, should be deemed filed on the date of the allowance of this Motion.

WHEREFORE, M2 respectfully requests that the instant Motion be allowed.

> M2 Consulting, Inc.
> By its Attorneys
> Fee, Rosse & Lanz, P.C.
>
> By: _____
> Michael C. Fee, Esq. (BBO NO. 552796)
> Mark S. Resnick, Esq. (BBO NO. 559885)
> Fee, Rosse & Lanz, P.C.
> 321 Boston Post Road
> Sudbury, MA 01776
> (978) 440-7000

B0358901v1

-5-

Counsel:

John M. Teitler
Teitler & Teitler
1114 Avenue of the Americas
New York, NY 10036
Tel. (212) 997-4400

December 9, 2004

### CERTIFICATE OF SERVICE

I, Mark S. Resnick, hereby certify that Plaintiff's Motion to File Amended Complaint was served upon the Defendants, by enclosing that Motion, with the Amended Complaint, and related filings for service upon the Defendant Craig Newfield by special process server on this 9th day of December, 2004; and by mailing this motion, first class mail and by telecopier to Lee Gesmer, Esq., Gesmer Updegrove LLC, 40 Broad Street, Boston, MA 02109