UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------X
M²CONSULTING, INC.,                         :
                                            :
                  Plaintiff,                :    C.A. No. 03-12589-GAO
                                            :
v.                                          :
                                            :
MRO SOFTWARE, INC.,                         :
                                            :
                  Defendant.    :
-----------------------------------------------X
```

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO MRO SOFTWARE, INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, M²Consulting, Inc. ("Plaintiff" or "M²Consulting"), by its attorneys, responds and objects to MRO Software, Inc.'s First Request for the Production of Documents as follows:

## GENERAL OBJECTIONS

1.     Plaintiff objects to MRO Software, Inc.'s First Request for the Production of Documents to extent it calls for production of documents protected from the discovery by the attorney-client privilege.

2.     Plaintiff objects to MRO Software, Inc.'s First Request for the Production of Documents to extent it calls for production of documents protected from the discovery by the work product doctrine.

3.     Plaintiff objects to MRO Software, Inc.'s First Request for the Production of Documents to extent it calls for production of documents (including court papers) previously exchanged between the parties' attorneys during the course of this action.

4.     Plaintiff objects to MRO Software, Inc.'s First Request for the Production

of Documents to the extent it calls for production of, or a privilege log concerning, documents generated by Plaintiff's counsel for internal use on the grounds of undue burden, attorney-client privilege, and work product, and on those grounds will not produce such documents or include them on a privilege log. In any event, counsel for the parties have agreed that no privilege log for any documents to which privilege may be claimed is necessary. Accordingly no privilege log shall be provided, and the lack of such a privilege log shall not be deemed a waiver of any applicable privilege.

5.      Plaintiff objects to Instruction and Definition No. 8's request that Plaintiff "label or otherwise segregate each non-documentary item requested below in such a manner as to permit the defendant to determine the Request or Requests to which it is responsive." What MRO means by "non-documentary item" is not clear. In any event, Plaintiff will produce documents as they are kept in the usual course of business, as permitted by Federal Rule of Civil Procedure 34(b).

## GENERAL RESPONSES

1.      This response is based on documents presently available to and located by Plaintiff and is given without prejudice to Plaintiff's right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional investigation or discovery.

2.      By producing or failing to produce some or all of the requested documents, Plaintiff does not concede the relevance or materiality of any request or the subject to which it relates.

3.      Inadvertent production of privileged information by Plaintiff shall not constitute a waiver of any applicable privilege or doctrine, including, but not limited to,

**Response to Request No. 3:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 4:**

Every document that supports the allegations in paragraph 10 of the Complaint that M2's alleged trade secrets or "unique proprietary information" has given M2 an advantage over its competitors.

**Response to Request No. 5:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 5:**

Every document that supports the allegations in paragraph 11 of the Complaint that M2 guards its trade secrets or "unique proprietary information," including but not limited to all employment agreements, company policy manuals, memoranda, correspondence or analyses regarding the efforts considered or taken to guard such trade secrets or information, and agreements with clients, prospective clients and business partners and prospective business partners.

**Response to Request No. 5:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 6:**

Every document concerning the allegation in paragraph 33 of the Complaint that MRO is in possession, or the manner by which MRO came into possession, of M2's alleged trade secrets or "unique proprietary information".

**Response to Request No. 6:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

are referenced in paragraph 22 of the Complaint.

**Response to Request No. 10:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 11:**

The written correspondence to Bevington referenced in paragraph 23 of the

Complaint.

**Response to Request No. 11:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 12:**

All documents concerning the increase in the percentage of revenues paid by M2

to MRO, as alleged in paragraph 24 of the Complaint and the "sale initiative" referenced there.

**Response to Request No. 12:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 13:**

. All documents that support the allegation in paragraph 29 of the Complaint that

the 2002 Agreement was not intended to govern the respective obligations of the parties in the

sales initiative upon which MRO and M2 had allegedly agreed.

**Response to Request No. 13:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 14:**

All documents that concern the disclosure of alleged M2 proprietary information to MRO, including but not limited to the alleged propriety information described in paragraph 33 of the Complaint.

**Response to Request No. 14:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 15:**

All documents concerning the allegations in paragraphs 34, 35 and 36 of the Complaint, to the effect that M2 informed MRO of the proprietary and confidential information described in paragraph 33 of the Complaint, that MRO agreed not to disclose this information to third parties, and that MRO agreed not to use this information for purposes other than the joint efforts being engaged in by MRO and M2.

**Response to Request No. 15:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 16:**

All documents concerning the lost sale opportunity described in paragraph 37 of the Complaint, including but not limited to all correspondence and communications of any kind (including but not limited to emails, agreements and draft agreements) with the "third party competitor" described in paragraph 37 of the Complaint.

**Response to Request No. 16:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 17:**

To the extent not produced in response to the preceding request, all documents concerning any proposals, presentations, discussions or offers made for the acquisition of any portion of M2's business during the last five years, whether by purchase of stock or assets,

7

including all communications relating to the commencement, due diligence, and the termination of any such discussions or offers, and further including all minutes of the Board of directors and all documents created in preparation for Board meetings, notes taken during Board meetings, and documents created following Board meetings.

**Response to Request No. 17:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 18:**

All documents concerning the allegations contained in paragraphs 39 – 45 of the Complaint relating to MRO's alleged failure to announce the sales initiative, including the communications between MRO and M2 principals, board members and investors regarding the alleged imminent nature of the announcement.

**Response to Request No. 18:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 19:**

All documents concerning the allegations contained in paragraphs 46 and 47 of the Complaint relating to MRO's announcement of its own Maximo Internet hosting business.

**Response to Request No. 19:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 20:**

All documents concerning the alleged actions and forbearances from action described in paragraph 48 of the Complaint, including but not limited to all documents evidencing the monies alleged to have been spent by M2 in paragraphs 49(a) – (c), the allegedly confidential and proprietary business information described in paragraph 49(d), and M2's alleged forbearance from the opportunity to sell M2 to interested third parties.

**Response to Request No. 20:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 21:**

All documentation, including but not limited to correspondence, emails, notes and
memoranda, related to the possibility that MRO might purchase M2, including without limitation
all documents and correspondence received from Indus International, Inc. or its affiliates or
representatives or exchanged between M2 and Indus International, Inc. or its affiliates or
representatives, and including without limitation all materials given to M2's board of directors,
documents created in anticipation of board meetings, notes taken during board meetings, minutes
of board meetings and documents created following Board meetings.

**Response to Request No. 21:**

Plaintiff has no documents responsive to this request, since $M^2$Consulting and

MRO never discussed the possibility of MRO's purchasing $M^2$Consulting.

**Request No. 22:**

All materials prepared in contemplation of a sale of all or part of the business,
including but not limited to both internal materials and those prepared for the benefit of business
brokers, investors, bankers or potential buyers.

**Response to Request No. 22:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 23:**

All business plans concerning M2.

**Response to Request No. 23:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 24:**

All documents concerning the allegations contained in paragraph 25 and 26 of the Complaint, to the effect that once the increased fee arrangement was put in place, the sale initiative would be immediately announced to MRO's North American sales force.

**Response to Request No. 24:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 25:**

To the extent not produced in response to the above requests, all communications between MRO and M2, including but not limited to correspondence, emails, notes concerning conversations or meetings and electronic recordings.

**Response to Request No. 25:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 26:**

To the extent not produced in response to the above requests, any document concerning the allegations contained in the Complaint or M2's claims in this case.

**Response to Request No. 26:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 27:**

All documents concerning M2's hosting customers, including but not limited to documents concerning the date that each customer first enrolled as an M2 customer, the date any customer terminated its business relationship with M2, and all fees paid by the customer, including hosting fees, licensing fees, and fees for services.

**Response to Request No. 27:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 28:**

All documents evidencing payments made by M2 to MRO.

**Response to Request No. 28:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 29:**

All documents concerning sales efforts made by MRO with respect to M2's hosted MAXIMO solution, and any sales leads generated by MRO with respect to M2's hosted MAXIMO solution.

**Response to Request No. 29:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 30:**

All documents concerning sales leads generated by M2, independently of MRO, for M2's hosted MAXIMO solution.

**Response to Request No. 30:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 31:**

All documents concerning decisions made by M2 since 2000 with respect to M2's budgets and with respect to the level of investment to be made by M2 in its hosting business,

11

including but not limited to capital expenditures, long-term liabilities and personnel.

**Response to Request No. 31:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 32:**

All documents concerning M2's sales strategies since 2000.

**Response to Request No. 32:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 33:**

All analyses of M2's MAXIMO hosting business, including but not limited to all planning and valuation documentation prepared in connection with investments in or sale of the business.

**Response to Request No. 33:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 34:**

Every contract or agreement for hosting services between M2 and a customer.

**Response to Request No. 34:**

Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 35:**

All marketing materials for M2's hosting services.

**Response to Request No. 35:**

        Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 36:**

        All budgets or budget analyses prepared by M2 since 2000, including drafts and memoranda of discussions regarding budget alternatives considered by M2.

**Response to Request No. 36:**

        Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 37:**

        All documents concerning correspondence between M2 and any actual or prospective customer of M2 concerning this litigation.

**Response to Request No. 37:**

        Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 38:**

        All sales proposals for M2's hosting service.

**Response to Request No. 38:**

        Plaintiff will produce copies of responsive non-privileged documents at a mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 39:**

        All correspondence with potential customers for M2's hosting service.

**Response to Request No. 39:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

**Request No. 40:**

Every document concerning the alleged damages claimed by M2 in this case.

**Response to Request No. 40:**

Plaintiff will produce copies of responsive non-privileged documents at a

mutually convenient time and place following execution of a confidentiality agreement or order.

Dated: New York, N.Y.
       September 13, 2004

$M^2$Consulting, Inc.
By its Attorneys
Teitler & Teitler

By:_____
       John M. Teitler (Pro Hac Vice)
Teitler & Teitler
1114 Avenue of the Americas
New York, NY 10036
Tel. (212) 997-4400

Michael C. Fee (BBO No. 552796)
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776
Tel. (978) 440-7000

CERTIFICATE OF SERVICE
       I, John M. Teitler, hereby certify that a true copy of the foregoing document was
served by FedEx upon all counsel of record, directed to Lee T. Gesmer, Esq., Gesmer Updegrove
LLP, 40 Broad Street, Boston, MA 02109, this 13th day of September 2004.

_____
       JOHN M. TEITLER

14