

*Attorneys at Law*

Kurt Bratten
*kurt.bratten@gesmer.com*

December 15, 2004

**VIA FACSIMILE (508) 749-6031
AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

Re:   *M2 Consulting, Inc. v. MRO Software, Inc.*
        U.S. District Court C.A. No. 03-12589-GAO

Dear Mark:

I am writing to confirm our agreement with respect to several discovery matters that we discussed during our conference on December 13, 2004.

First, you agreed that M2 Consulting, Inc. ("M2") will permit MRO Software, Inc. ("MRO") to serve their responses to M2's First Set of Interrogatories on Thursday, December 16, 2004.

In addition, I requested that the parties exchange pleadings filed and served in this case in electronic format and you expressed the need to consider this request further and respond at another time. I also raised the fact that I have received no response from you concerning the Proposed Protective Order that I sent to you on November 24, 2004 and you told me that you will respond shortly.

During our conversation on Monday, you told me that Tom Shulte and Milton Bevington are no longer employed by M2 and that MRO will need to subpoena these witnesses. I requested that M2 provide me with the last known address and telephone numbers for these witnesses and you agreed to provide this information if it is in your client's possession.

With regard to M2's document production, I informed you that there appear to be significant categories of documents missing, including but not limited to documents concerning the matters set forth in this paragraph. With regard to M2's discussions with Indus concerning the potential acquisition of M2, I have not seen any of the documents or agreements typically present during discussions or negotiations regarding a potential acquisition. For example, I have not seen a letter of intent, confidentiality agreement,

Mark Resnick, Esq.
December 15, 2004
Page 2

materials regarding M2's financial condition, etc. Further, except for the e-mails produced in electronic format, I have seen no written correspondence showing M2's negotiations and discussions with Indus about the potential acquisition of M2. Likewise, there seems to be an absence of documents evidencing M2's claims that it provided MRO with trade secrets, technical or otherwise, or showing M2's alleged actions or investments made in reliance upon the agreement that it claims to have had with MRO. In response to these inquiries, you told me that you would need to communicate with your client and get back to me.

During our discovery conference, we also discussed M2's Answers ("Answers") to MRO's First Set of Interrogatories ("MRO's Interrogatories"). To date, M2 has provided just a faxed copy of its Answers, which were not signed under oath. You agreed that your client would provide MRO with its original Answers to MRO's Interrogatories, signed under oath. We also discussed many of M2's specific Answers to MRO's Interrogatories with the following results:

- You agreed that M2 would supplement its Answers to Interrogatories 9, 10, 17, 18, 22 and 25;
- You agreed to review M2's Answers to Interrogatories 6, 7, 8, 11, 20 and 21 with your client and get back to me about whether M2 is willing to supplement these Answers; and
- You refused to supplement M2's Answers to Interrogatories 3, 4, 5, 13, 15, 16 and 23.

In addition, I proposed that the parties modify the discovery schedule as provided in my letter to you dated December 13, 2004. As I indicated in that letter, I must receive a response from you with regard to the proposed discovery schedule or a stipulation and extension of time to file an opposition to M2's motion to amend, by Thursday, December 16th.

This letter will also confirm that we agreed to speak again on December 21st at 10:00 regarding depositions in this case.

With this letter, I now seek a commitment from you as to when MRO can expect to receive responses from M2 with regard to the matters set forth herein. It is important that M2 respond promptly with regard to the matters raised during our conference since other discovery such as depositions and any discovery motions are contingent upon some of M2's responses, particularly its responses concerning M2's document production and Interrogatory Answers. I will await your response in this regard.

Mark Resnick, Esq.
December 15, 2004
Page 3

    Please get back to me promptly concerning the matters contained in this letter, or if you disagree with any of the above. Thank you.

                                          Very truly yours,

                                          Kurt Bratten