

Attorneys at Law

Kurt Bratten
*kurt.bratten@gesmer.com*

December 22, 2004

**VIA FACSIMILE (508) 749-6031**
**AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

Re: *M2 Consulting, Inc. v. MRO Software, Inc.*
U.S. District Court C.A. No. 03-12589-GAO

Dear Mark:

I am writing since I have received no reply from you concerning the matters that we discussed during our conference on December 13, 2004. As you know, we discussed several discovery issues on December 13, 2004, the majority of which required a subsequent response from you after consultation with your client. On December 15, 2004, I sent you a letter describing our conversation and seeking a response and commitment from M2 Consulting, Inc. ("M2") concerning when MRO Software, Inc. ("MRO") could expect to receive a reply. I have received no response to my letter of December 15, 2004.

As I have communicated to you several times before, MRO requires M2's responses to the requests and issues raised on December 13, 2004, many of which pre-date our telephone conference. M2's failure to respond is preventing MRO from proceeding with discovery in this case. MRO cannot proceed with depositions until M2 has satisfied its discovery obligations with respect to its document production and Answers to MRO's First Set of Interrogatories ("MRO's Interrogatories"). M2 has refused to respond to the majority of the deficiencies raised with regard to its document production and Answers to MRO's Interrogatories and has provided no explanation as to when it will serve the Interrogatory Answers that M2 has agreed to supplement. Further, MRO cannot even serve subpoenas with regard to Tom Shulte and Milton Bevington, who you informed me are no longer within M2's control, until M2 provides MRO with their last known address and telephone number. M2's unresponsiveness and its failure to address a variety of issues is unnecessarily delaying the progression of this case.

M2's unresponsiveness, now and throughout the discovery process, demonstrates a pattern of inattention toward this case. On several occasions M2 has refused to respond

to specific request from MRO concerning pressing issues. For example, during our telephone conversation on October 13, 2004, MRO raised several missing categories of documents in M2's document production such as records evidencing its alleged trade secrets and significant documents regarding its lost opportunity and expenditures in reliance upon its alleged agreement with MRO. To date, M2 has failed to address or explain these missing documents. After promising a response, M2 also refused to respond in a timely fashion to MRO's request for an assented to scheduling modification or an extension of time in which to oppose M2's Motion to File an Amended Complaint, thereby forcing MRO to file with the court a conditional assent in opposition form. Further, M2 has failed to respond to a proposed protective order forwarded to you on November 24, 2004. This list is not comprehensive but it plainly demonstrates M2's disregard for this case. This pattern of neglect must stop if we are to resolve the existing discovery disputes and other matters raised by the parties, without involving the court.

MRO has showed extraordinary patience in dealing with M2's persistent unresponsiveness in this matter. M2 must start giving this case the attention that it requires. Thus, if M2 does not respond in writing by December 27, 2004 to the issues discussed during our conference last week, MRO will have no choice but to file a Motion to Compel and seek judicial intervention.

Thank you.

Very truly yours,

Kurt Bratten



Kurt Bratten
*kurt.bratten@gesmer.com*

*Attorneys at Law*

December 8, 2004

**VIA FACSIMILE (508) 749-6031**
**AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

Re: *M2 Consulting, Inc. v. MRO Software, Inc.*
U.S. District Court C.A. No. 03-12589-GAO

Dear Mark:

I am writing to follow up on several unresolved discovery matters in the above case. As I indicated in my letter of December 6th and in previous correspondence, there are numerous discovery matters that must be addressed promptly if there is any chance for the parties to conclude fact discovery in this matter by the existing deadline of January 31, 2005 and I would like to schedule a call to discuss them. As you know, we must discuss several important discovery issues including but not limited to the deposition schedule, we must hold a Local Rule 7.1 conference concerning your client's Answers to MRO's First Set of Interrogatories and you have yet to respond to the draft Protective Order that I forwarded to you on November 24th.

Please provide your availability for a telephone call to discuss the above matters. It is urgently important that certain matters, such as deposition scheduling and M2's Interrogatory Answers, are addressed immediately. Thank you.

Very truly yours,

Kurt Bratten



*Attorneys at Law*

Kurt Bratten
*kurt.bratten@gesmer.com*

December 6, 2004

**VIA FACSIMILE (508) 749-6031**
**AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

Re: *M2 Consulting, Inc. v. MRO Software, Inc.*
U.S. District Court C.A. No. 03-12589-GAO

Dear Mark:

I am writing to you concerning your client's Responses ("Responses") to MRO Software, Inc.'s ("MRO") First Set of Interrogatories. The Responses provided via facsimile on December 3, 2004 by M2 Consulting, Inc. ("M2") are grossly deficient and utterly fail to satisfy M2's obligations under the Federal Rules of Civil Procedure.

Although the deficiencies in M2's Responses are so fundamental and pervasive that it would be next to impossible to detail each and every problem, below are several instances of M2's failure to satisfy its discovery obligations. First, with Interrogatory Number 9, MRO has asked that M2 "identify every fraudulent statement, false promise or misrepresentation made by MRO to M2." In its Response, M2 has refused to answer this Interrogatory because it claims that the information sought is "protected by the attorney-client privilege and work product doctrine." M2's complaint plainly demonstrates that all of M2's legal claims in the above referenced action are based on allegations that MRO made fraudulent representations to M2. Accordingly, M2 cannot assert that the basis for each and every one of its legal claims against MRO is protected by the attorney-client privilege and its claim to the contrary is absurd.

M2 has refused to answer Interrogatory Number 25 which requests that M2 identify, itemize and describe its damages sought in this action. M2's refusal to answer this Interrogatory is based on objections that the information sought is "irrelevant" and "protected by the attorney-client privilege and work product doctrine" and that the request is "overbroad and unduly burdensome." A defendant's right to a computation of damages and information concerning the plaintiff's damages is so fundamental under the Federal Rules of Civil Procedure that it is specifically provided for by Rule 26 and Local Rule 26.1. M2's claim that information concerning damages are somehow irrelevant or

protected by the attorney-client privilege is patently unreasonable, as is its allegation that Interrogatory Number 25 is overbroad and unduly burdensome.

Further, M2 has answered several of MRO's Interrogatories by simply stating that the information sought "can be derived from the relevant business records of M2." Specifically, M2 has answered Interrogatories 7, 8, 12, 14, 17, 18 and 20 in this manner, without specifying a single document or bates stamp number in its voluminous document production. Although Rule 33(d) provides that a party answering an Interrogatory may do so by specifying the business records where such information or answer may be obtained, "a specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." During discovery, M2 has produced over 31,000 emails and other documents in electronic format in addition to hundreds of pages of documents in paper form. Given the magnitude of M2's document production, it is outrageous and incompatible with Rule 33(d) for M2 to attempt to answer MRO's Interrogatories by directing MRO to its entire document production. Thus, it is essential that M2 specify which documents contain the relevant information related to the Interrogatories identified in this paragraph.

M2's deficient Responses are critically important to MRO and must be addressed immediately since fact discovery in this case will terminate in less than 60 days and depositions will likely commence in under 30 days. It is imperative that we hold a Local Rule 7.1(A)(2) conference to discuss this matter and I request that we do so tomorrow, December 7th, at 1:00 pm when we are scheduled to discuss the deposition schedule in this action. If you are unable to hold a Local Rule 7.1(A)(2) conference tomorrow at 1:00, then please provide me with your availability immediately so that this matter can be satisfactorily addressed.

Very truly yours,

Kurt Bratten



Attorneys at Law

Kurt Bratten
*kurt.bratten@gesmer.com*

November 16, 2004

**VIA FACSIMILE (508) 749-6031**
**AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

Re: *M2 Consulting, Inc. v. MRO Software, Inc.*
U.S. District Court C.A. No. 03-12589-GAO

Dear Mark:

I am writing to you concerning your client's continued failure to produce documents as promised, or in accordance with its obligations under the Federal Rules of Civil Procedure. On August 6, 2004, my client, MRO Software, Inc. ("MRO") served its First Request for the Production of Documents ("Document Requests") on M2 Consulting, Inc. ("M2"). M2's written Responses and Objections to MRO's Document Requests were served on September 13th. However, to date, M2 has failed to produce major categories of its responsive documents to MRO.

Since September 2004, M2 has informed MRO that it has a large amount of correspondence such as e-mails, attachments and other responsive documents in electronic format. However, M2 has refused to produce these documents in accordance with its discovery obligations and has repeatedly broken its own self-imposed deadlines for the production of these documents. On October 6th, M2 produced a CD containing a garbled text file with no separation or page breaks with which to distinguish one e-mail from another. This CD contained no attachments to the text file contained therein and it was so large and difficult to use that it crashed my law firm's network. As we have repeatedly communicated to you since receiving this CD on October 6th, it was not produced in a reasonably usable form and therefore fails to satisfy M2's obligations under the Federal Rules of Civil Procedure. During our conversation on October 13th, you stated that M2 had in its possession and would produce by October 15th, a CD, in PST format, containing certain e-mails and other documents in electronic format. This CD was never produced. In a further effort to rectify its deficient document production, on November 8th, M2 promised to produce two CDs, both in PST format, containing the balance of M2's document production. During our conversation on November 8th, you told me that the CD previously promised on October 13th would be produced on or before November 12th and that a second CD would be produced by November 19th. To

date, M2 has failed to produce any of the responsive documents that it possesses in electronic format and continues to flout its discovery obligations.

MRO's failure to produce documents is precluding MRO from adequately preparing its case. Fact discovery must be completed by January 31, 2005 and M2 has yet to produce substantial segments of its responsive documents, some of which it admits having in a readily producible form since at least October 13th. Although this list is not comprehensive, the most striking deficiencies in M2's document production are M2's failure to produce any e-mail correspondence whatsoever, including e-mails between the parties, and the lack of documents regarding M2's alleged trade secrets and its purported action and/or investment in reliance on the alleged agreement with MRO. M2's failure to provide the most essential documents in this case is preventing MRO from preparing for witness depositions and proceeding with fact discovery. Over the past two months, MRO has repeatedly raised M2's refusal to produce responsive documents in this action, however, M2 has continually ignored its discovery obligations and has broken numerous promises to MRO in this regard.

If your client does not immediately rectify the discovery deficiencies set forth in this letter, MRO will have no choice but to file a motion compelling M2's compliance with the Federal Rules of Civil Procedure.

Very truly yours,

Kurt Bratten



Attorneys at Law

Kurt Bratten
*kurt.bratten@gesmer.com*

November 9, 2004

**VIA FACSIMILE (508) 749-6031**
**AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

Re: *M2 Consulting, Inc. v. MRO Software, Inc.*
U.S. District Court C.A. No. 03-12589-GAO

Dear Mark:

I am writing to confirm our telephone conversation yesterday on November 8, 2004 concerning certain discovery matters.

During our conversation, I proposed that the deposition of Mr. Miciek take place on December 9, 2004 and you agreed that you would get back to me concerning this proposed date. You also mentioned that you may want to change the deposition date of Mr. Drapeau so that his deposition follows that of Mr. Miciek. I will await your response regarding the deposition dates of both Mr. Miciek and Mr. Drapeau.

In addition, you and I reached agreement with regard to certain discovery documents that will be produced by our respective clients. You agreed that M2 would produce two CDs, in PST format, containing certain emails and other documents. You also informed me that these two CDs will contain all of the documents that M2 is producing in response to MRO's First Request for the Production of Documents, subject to M2's written Responses and Objections thereto. During our conversation, you told me that one of these CDs will be produced this week (on or before November 12, 2004) and that the other will be produced next week (on or before November 19, 2004). As I explained to you, MRO has performed a further search of its records and will be providing a supplemental document production to M2. I expect that MRO's supplemental document production will be made next week (on or before November 19, 2004).

Please contact me if you disagree with any of the above.

Very truly yours,

Kurt Bratten



Attorneys at Law

Kurt Bratten
*kurt.bratten@gesmer.com*

October 25, 2004

**VIA FACSIMILE (508) 749-6031**
**AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

Re: *M2 Consulting, Inc. v. MRO Software, Inc.*
U.S. District Court C.A. No. 03-12589-GAO

Dear Mark:

As promised, I am responding in greater detail to your letter of October 21, 2004.

I believe that your first point is the result of a misunderstanding as my letter of October 15th did not indicate that your client, M2 Consulting, Inc. ("M2"), had agreed to accept a supplemental document production consisting exclusively of the documents referenced therein. To be clear, my client, MRO Software, Inc. ("MRO"), is conducting a further search of its records based on all of the suggestions that you have communicated to us and it will produce all responsive documents, including but not limited to those set forth in my October 15th letter.

With regard to the confidential document that Lee Gesmer described to you on October 13th, MRO stands by its position that this document contains highly confidential information such that it will only be produced pursuant to an agreement with M2 that it is covered by an "attorneys eyes only" designation. Accordingly, MRO will not produce this highly confidential document to M2 pursuant to the existing protective order as it does not provide an adequate level of protection. Some time ago, MRO informed M2 of this document and its reasons for not producing it. Further, MRO has repeatedly proposed producing this document to M2 subject to the appropriate level of confidentiality. However, M2 has refused to grant an adequate level of confidentiality to the subject document and raised its first and only objection to MRO's request for the same with your October 21st letter.

I must once again raise the fact that the CD previously produced by M2 containing responsive e-mails in text format, fails to satisfy M2's discovery obligations. Pursuant to Fed. R. Civ. P. 34, the recipient of a document request is required to produce and permit the party making the request, to inspect and copy documents responsive to its

request, as it so chooses. Although a party may, at its discretion, produce copies of responsive documents directly to the party making the request, it must do so in a reasonably usable form in order to satisfy its obligations. The CD produced by M2 contains nothing but text with no separation or page breaks with which to distinguish one e-mail or document from another and it is missing all of the attachments to the e-mails contained therein. Therefore, M2's CD is incomplete and fails to provide responsive documents in a reasonably usable form. Consequently, M2 must permit MRO to inspect the responsive documents at a convenient location here in Massachusetts and make copies of such documents as it sees fit, or M2 must produce all the responsive e-mails and their attachments in a reasonably usable format. Although we would prefer that M2 produce the subject e-mails and attachments on CD in PST format, which could easily be accomplished by creating one PST file for each relevant e-mail account, that is not necessarily required. Please immediately advise me of how your client intends to rectify this discovery deficiency. Otherwise, we will need to seek judicial intervention.

As an additional matter, M2 has failed to produce the CD that you described to Mr. Gesmer and I during our telephone conversation on October 13th. Since you told us that this CD would be produced by October 15th and we have not received it as of the date of this letter, I request that you provide me with the date by which we can expect to receive the same.

Please contact me immediately concerning the items set forth in this letter. Thank you.

Very truly yours,

Kurt Bratten



Kurt Bratten
*kurt.bratten@gesmer.com*

*Attorneys at Law*

October 15, 2004

**VIA FACSIMILE (978) 440-7650**
**AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

Re: *M2 Consulting, Inc. v. MRO Software, Inc.*
U.S. District Court C.A. No. 03-12589-GAO

Dear Mark:

I am writing to follow up on our telephone conversation of October 13, 2004 concerning the above entitled action. During our discussion, we reached agreement with respect to several discovery related matters which are described herein.

With regard to each party's production of documents, it was agreed by counsel to both parties that additional searches for documents would be performed and supplemental documents would be produced by both M2 Consulting, Inc. ("M2") and MRO Software, Inc. ("MRO"), based on the issues raised during our telephone conversation and prior correspondence. Specifically, MRO will address your request for copies of the executed agreements between the parties, any e-mail attachments that were inadvertently not provided in our initial production and we will investigate whether any responsive documents reside with MRO personnel who have not already produced documents to M2.

On behalf of M2, you informed us that your client's production of documents was complete, subject to several exceptions. First, you indicated that M2 would be producing another CD containing e-mail and other documents, in PST format, and that this CD would likely be produced by the end of this week. As Mr. Gesmer indicated in his e-mail to you yesterday, the CD previously produced by M2 in text format, is not usable and we request that it be provided in PST format. You also mentioned that you would like to discuss with your client some additional documents and areas of inquiry related to M2's document production, such as the production of copies of the executed agreements between the parties.

As Mr. Gesmer mentioned during our telephone conversation, MRO is in possession of a document containing certain confidential information which MRO is willing to produce to M2 subject to the appropriate confidentiality restrictions. As we

discussed, this document was brought to Mr. Teitler's attention some time ago, however, he was unwilling to address our confidentiality concerns with the Protective Order entered in this case and he did not respond to Mr. Gesmer's request for adequate confidentiality measures for this specific document. Since you indicated that M2 intends to produce a similar document, we look forward to your suggestion as to how the parties can produce such documents to each other while adequately safeguarding their contents.

After some discussion about the existing scheduling order and the fact that this case is somewhat behind schedule with regard to discovery, the parties have agreed push back several discovery deadlines by one month in the hope of keeping the case on track and meeting the larger deadline for the conclusion of all discovery in this matter. M2 and MRO have agreed to the following schedule:

- January 31, 2005 – Deadline for the completion of all fact witness depositions
- March 31, 2005 – M2's expert report due
- April 29, 2005 – MRO's expert report due
- June 30, 2005 – Deadline for the completion of all expert witness depositions
- July 14, 2005 – Status Conference

It was also agreed that the parties would defer the matter of providing privilege logs in this action, pending further discovery, and that interrogatories would be served on October 25, 2004. The parties will have 30 days to prepare and serve their answers to the opposing party's interrogatories.

Please let me know if you disagree with anything set forth in this letter. Thank you.

Very truly yours,

Kurt Bratten