UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

|  |  |
|---|---|
| M² CONSULTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> MRO SOFTWARE, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. 03-12589-GAO ) ) ) ) ) ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM'S MOTION FOR SHORT ORDER OF NOTICE

Plaintiff, M2 Consulting, Inc. ("M2") opposes the motion of the Defendant, MRO Software, Inc. ("MRO") for a Short Order of Notice on the grounds that: (1) MRO has failed to satisfy the requirements of Local Rule 7.1(a)(2); (2) the expedited briefing schedule requested is unnecessary; and (3) the briefing schedule requested by M2 would work an unreasonable hardship in M2's counsel. In further support of this Opposition, Plaintiff relies upon and incorporates herein by reference the Affidavit of Mark S. Resnick, filed simultaneously herewith.

In further support of this Opposition, M2 states as follows:

I. MRO's Motion Is Procedurally Improper

Four days ago, on Friday, March 25, 2005, MRO filed a Motion to Amend Counterclaim (MRO's "Motion to Amend"), a Verified First Amended Counterclaim; a supporting affidavit, an Emergency Motion for Expedited Discovery; and a Motion for Short Order of Notice (the instant

"Motion") It showed some *but not all* of these pleadings to M2's counsel on March 23rd, and MRO's counsel had a brief telephone call with M2's counsel concerning them the following day. (Resnick Aff. ¶¶ 3,4) Although MRO's counsel implied that additional discussion might occur, none did. (Resnick Aff. ¶ 4) Instead, MRO filed the above referenced papers the following day. *Id.*

MRO bases its Motion for a Short Order of Notice on allegations contained in an amended counterclaim which has not yet been allowed by the court. The rules provide M2 with 14 days to respond, and that time has not elapsed. *See* L.R. 7.1(B)(2). Contrary to the misleading parenthetical in MRO's cover letter to Judge O'Toole, MRO's motion is not, as of yet, "unopposed". During their brief telephone conversation on March 24th, M2's counsel only indicated that he would not oppose the motion unless he found an appropriate basis for doing so. (Resnick Aff. ¶ 5) Should M2 elect to oppose that motion, a ruling on that opposition should be obtained, and MRO's Motion to Amend allowed or denied before the Court would procedurally even reach the request for expedited discovery. M2 also has 14 days to respond to that motion, and ordinarily would have the same amount of time to respond to MRO's requested for a specific briefing schedule. The request for the short order of notice, under these circumstances, is therefore procedurally improper and should be denied.

<u>MRO Has Failed To Comply With Local Rule 7.1</u>

MRO's counsel ahs failed to make a good faith effort to negotiate or narrow the issues associated with the instant Motion. MRO's counsel simply informed M2 that it would be filing the motion. (Resnick Aff. ¶ 4) There was no negotiation or attempt to narrow the issues. *Id.* Counsel for M2 made an attempt to narrow the issues, by explaining his scheduling difficulties, and MRO's counsel professed to reconsider in, light of the discussion. *Id.* The facts make it

clear that there was no reconsideration. *Id.* Instead, MRO simply filed its motion, without so much as a follow up word to counsel for M2. *Id.* The demonstrated conduct, when combined with the fact that the draft pleadings provided to M2's counsel on March 23rd did *not* include the instant Motion for Short Order of Notice, indicate that MRO's counsel did not engage in a good faith attempt to narrow the issues. He merely dictated his terms and filed the Motion anyway, after the reasons M2's counsel could not agree were explained to him. Failure to negotiate in good faith is a violation of Local Rule 7.1, and the Motion should be denied for that reason as well.

### The Schedule Sought By M2 Would Work An Unreasonable Hardship On M2's Counsel.

M2's counsel is engaged in depositions which will, require all his time this week. (Resnick Aff. ¶ 6) The necessity of preparing for these depositions, and taking them means he will not be able to draft oppositions to M2's motions within the time sought. *Id.* Mr. Resnick is the attorney in his firm most knowledgeable about this action, and the only one who can realistically respond to the issues raised in the MRO motions. *Id.* To require M2 to submit responses as requested in MRO's Motion would work an unreasonable hardship on Mr. Resnick, would literally have to work around the clock to draft those responses and prepare for and attend the scheduled depositions. Such a schedule, and its attendant fatigue, would diminish his ability to effectively represent both sets of clients. It is therefore unreasonable to require M2 to respond within the time frame sought by MRO in its Motion.

### There Is No Emergency

Finally, there is nothing about either the conduct alleged in MRO's Amended Counterclaim, or MRO's discovery of facts which it alleges support it that requires the extraordinary emergency relief MRO now requests. MRO does not alleged that M2 is not

identifying MAXIMO as an MRO product. In fact, the exhibits MRO attaches to its papers indicate the contrary. The extent to which the agreement cited by MRO in support of these extraordinary requests even control is subject to differing legal positions, and MRO's interpretation is by no means controlling. MRO, should it prove improper conduct by M2, can seek appropriate monetary damages. Its right to injunctive relief under these circumstances is questionable, subject to the applicable standards, and M2 is entitled to time to fully and fairly respond, both to the motion for Expedited Discovery, and to the substantive issues raised by MRO's Motion to Amend and its proposed Amended Counterclaim. MRO's Motion should be denied on this basis as well.

## CONCLUSION

WHEREFORE, M2 respectfully requests that MRO's Motion for a Short Order of Notice be denied, and that M2 be afforded the response time permitted by the applicable Local Rules.

>M2 Consulting, Inc.
>By its Attorneys
>Fee, Rosse & Lanz, P.C.
>
>By:_____
>Michael C. Fee, Esq. (BBO NO. 552796)
>Mark S. Resnick, Esq. (BBO NO. 559885)
>Fee, Rosse & Lanz, P.C.
>321 Boston Post Road
>Sudbury, MA 01776
>(978) 440-7000

Counsel:

John M. Teitler
Teitler & Teitler
1114 Avenue of the Americas
New York, NY 10036
Tel. (212) 997-4400

March 29, 2005

## CERTIFICATE OF SERVICE

I, Mark S. Resnick, hereby certify that Plaintiff's Opposition to Defendant/Plaintiff-in-Counterclaim's Motion to Compel Discovery was served upon the Defendant, by mailing this opposition, first class mail, postage pre-paid, to Lee Gesmer, Esq., Gesmer Updegrove LLC, 40 Broad Street, Boston, MA 02109, on March 29, 2005.