UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M2 CONSULTING, INC.<br><br>    Plaintiff,<br><br>v.<br><br>MRO SOFTWARE, INC.<br><br>    Defendant. | C.A. No. 03-12589-GAO |

**MRO SOFTWARE, INC.'S OBJECTION TO
MAGISTRATE JUDGE BOWLER'S MARCH 23, 2005 ORDER**

Pursuant to Fed. R. Civ. P. 72(a), Defendant MRO Software, Inc. ("MRO") respectfully submits this objection (the "Objection") to a limited portion of Magistrate Judge Bowler's March 23, 2005 Order.

MRO objects to the denial of its Motion to Compel a full and complete response to its Interrogatory No. 6, which requests a detailed description of Plaintiff M2 Consulting, Inc.'s ("M2") alleged trade secrets. M2 has alleged that MRO "misappropriated" its trade secrets and MRO is entitled to understand the basis of this claim against it. MRO's Interrogatory No. 6 seeks a description of M2's alleged trade secrets and the identification of the documents and persons communicating this data to MRO. M2's response describes its trade secrets in insufficient detail and makes no effort to identify the relevant persons and documents. This information is critical to the defense of the claims raised in this action, and therefore MRO respectfully requests that the Court reverse the Magistrate on this issue.

**Background**

M2's Amended Complaint brings several causes of action against MRO, including one for unjust enrichment. M2's "unjust enrichment" count is actually a claim for trade secret misappropriation by another name. M2 alleges that it owns valuable trade secrets, that these trade secrets were disclosed to MRO in confidence, and that MRO "misappropriated" these trade secrets. (Amended Complaint, pars. 109-122; M2's Opposition, p. 11).

On October 25, 2004, MRO served its First Set of Interrogatories ("Interrogatories") on M2. (Exhibit A). On December 3, 2004, M2 served a copy of its answers ("Answers") on MRO. (Exhibit B). MRO's Interrogatory No. 6 states,

> Describe in detail the proprietary and confidential information belonging to M2 that you allege was communicated to MRO, and as to each such item provide the following information:
>
> (a)   State who at M2 provided the information, who at MRO received the information and the date of the communication.
>
> (b)   Identify each document that concerns the communication of the alleged proprietary and confidential information.
>
> (c)   State the basis for your belief that the information is proprietary and confidential.

(Exhibit A). M2's Answer to Interrogatory No. 6 is as follows,

> M2 objects to this interrogatory on the grounds that, as worded, it is overbroad and unduly burdensome.
>
> Subject to and without waiver of these objections. M2 states as follows. M2 alleges the following categories of proprietary and confidential information were communicated to MRO: (1) MAXIMO Application Hosting Processes; (2) MAXIMO Application Hosting Procedures; (3) MAXIMO Application Hosting Configurations; (4) MAXIMO Application Hosting Services; (5) MAXIMO Application Hosting Pricing; (6) MAXIMO Application Hosting Marketing. This information was proprietary to M2, because M2 created it. This information did not exist prior

2

>to M2's development of it. The information in all the above referenced categories was communicated to MRO by M2 constantly throughout the M2's relationship with MRO by M2 staff. Transmittals between M2 and MRO were marked "Confidential". M2 also had a Confidentiality Agreement in place with MRO which required this information to be kept confidential. M2 personnel also informed MRO personnel that this information was not to be used by MRO to compete with M2.

(Exhibit B).

Shortly after receiving M2's Answers, MRO's counsel held a lengthy discovery teleconference in an effort to resolve a number of discovery deficiencies, including M2's objections and its failure to provide sufficient information in its Answer to Interrogatory No. 6. However, this conference failed to yield a more complete response from M2, which has steadfastly refused to supply MRO with meaningful specifics regarding these core allegations in this case.

On February 1, 2005, MRO filed a Motion to Compel Discovery ("Motion to Compel") from M2. MRO's Motion to Compel sought, among other things, an order from the Court compelling M2 to supplement its Answer to MRO's Interrogatory No. 6 with sufficient specificity and detail as required by Fed. R. Civ. P. 33. (Motion to Compel, p. 6). On February 16, 2005, M2 filed its Opposition ("Opposition") to MRO's Motion to Compel in which it claimed that its Answer to Interrogatory No. 6 is adequate and that its "categorical descriptions" of its alleged trade secrets are sufficiently detailed. (Opposition, p. 11).

At the March 23, 2005 hearing on MRO's Motion to Compel, Magistrate Judge Bowler denied MRO's request for a full and complete response to Interrogatory No. 6. Magistrate Judge Bowler's March 23, 2005 Order simply states, "Electronic ORDER

3

entered granting in part and denying in part [14] Motion to Compel in accordance with rulings made on the record in open court."

## Argument

Despite the serious nature of M2's misappropriation claim against MRO, M2 has refused to provide a meaningful response to MRO's Interrogatory No. 6.  M2 has failed to identify its trade secrets and proprietary information in sufficient detail, nor has it identified the relevant persons and documents through which this information was allegedly communicated to MRO.

It is a fundamental legal principle that a plaintiff claiming misappropriation of propriety information or trade secrets must identify with reasonable particularly the matters which it claims constitute proprietary information.  "A defendant is entitled to know the bases for [the] plaintiff's charges against it.  The burden is upon the plaintiff to specify those charges, not upon the defendant to guess at what they are." *Xerox Corp. v. Int'l Bus. Machs. Corp.*, 64 F.R.D. 367, 371-72 (S.D.N.Y. 1974) (ordering Xerox to "identify in detail all trade secrets and confidential information alleged to have been misappropriated by IBM" and to "key all documents or portions thereof to the specific trade secrets and confidential information alleged to have been misappropriated by IBM").  Rule 33 states that "[e]ach interrogatory shall be answered separately and fully in writing under oath. . . ."  Fed. R. Civ. P. 33(b)(1).  "Answers must be responsive, complete, and not evasive."  7 *Moore's Federal Practice* § 33.101 (3rd ed. 2003).  "A sufficient answer generally entails a conscientious and good faith effort to comprehend the question and answer it explicitly."  *Id.*  It would be difficult to imagine an

Interrogatory response that flies more in the face of these basic principles than M2's Answer to MRO's Interrogatory No. 6.

MRO is entitled to understand the claims against it. Interrogatory No. 6 seeks a detailed description of M2's alleged trade secrets and proprietary information and the identification of any relevant documents and persons involved in the communication of this data. M2's "categorical descriptions" of its alleged trade secrets provide such superficial detail as to be useless to MRO in assessing and understanding M2's allegations against it. (Opposition, p. 11). M2's Answer to this Interrogatory also fails to identify any documents or individuals involved in the communication of trade secrets. Since only M2 can identify its proprietary and confidential information, only M2 can identify the persons and documents communicating that information. Without a full and complete response to Interrogatory No. 6, MRO will be left guessing as to the nature of M2's trade secrets and the relevant persons from which additional discovery is necessary.

For the foregoing reasons, MRO respectfully requests that the Court set aside Magistrate Judge Bowler's ruling with respect to MRO's Interrogatory No. 6 and order M2 to fully and completely answer this Interrogatory by a date certain.

          Respectfully Submitted,


          /s/ Kurt Bratten
          Lee T. Gesmer (BBO No. 190260)
          Kurt Bratten (BBO No. 644730)
          Gesmer Updegrove LLP
          40 Broad Street
          Boston, MA 02109
          Kurt.Bratten@gesmer.com
          (617) 350-6800

Dated: April 6, 2005