UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M2 CONSULTING, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>MRO SOFTWARE, INC.<br><br>　　　　Defendant. | C.A. No. 03-12589-GAO |

### MRO SOFTWARE, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, MRO Software, Inc. ("MRO") hereby propounds this first set of interrogatories to M2 Consulting, Inc. ("M2").

**Instructions and Definitions**

1.  The term "**M2**" refers to plaintiff and it predecessors, successors, affiliates, officers, directors, employees, attorneys and agents.

2.  The term "**MRO**" refers to defendant and its predecessors, successors, affiliates, officers, directors, employees, attorneys, and agents.

3.  The term "**2000 Agreement**" means the "Agreement Between M2 Consulting, Inc. and PSDI for MAXIMO Application" entered into between PSDI and M2 on March 22, 2000.

4.  The term "**2002 Agreement**" means the "Hosting Affiliate Agreement" entered into between MRO and M2 on November 4, 2002.

5.  The term "**hosting**" means Internet hosting of MRO's MAXIMO software.

6.  The term "**person**" means any natural person or any business, legal, or governmental entity or association.

7. The terms **"document(s),"** **"concerning"** and **"identify"** shall have the meanings provided in Local Rule 26.5.

8. The term **"identify"**, when identifying a person, shall mean to give, to the extent known, the person's full name, present or last known address and, when referring to a natural person, his or her last known place of employment.

9. The term **"identify"**, when identifying documents, shall mean to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

10. When an interrogatory requests that you **"state the basis"** of or for a particular claim, assertion, allegation, or contention, you shall:

(a) identify each and every document (and, where pertinent, the section, article or subparagraph thereof), which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d) state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions referred to in the interrogatory.

12. These interrogatories should be deemed to impose a continuing obligation on M2 to the extent permitted by Fed. R. Civ. P. 26(e).

## Interrogatories

**INTERROGATORY NO. 1**: Identify, by name, last known address, and telephone number, each person known to you (or to any person acting on your behalf) to have personal knowledge of any facts or matters alleged by you in the Complaint. With respect to each such person, specify in detail the matters as to which you believe that person has knowledge.

**INTERROGATORY NO. 2**: With respect to each communication described in the Complaint that was made by an employee or representative of MRO to an employee or representative of M2 where either the speaker or the recipient of the statement is not identified by name, identify the speaker or the recipient. By way of example, paragraph 25 of the Complaint states that "Statements were made by MRO to M2Consulting throughout the summer of 2002." In this example M2 should identify the MRO employee or representative who made the alleged statements, and the M2 employees or representatives who heard the alleged statements.

**INTERROGATORY NO. 3**: Identify each officer and director of M2 from January 1, 1999 to the present, and state (i) the position held and (ii) the dates the position was held.

**INTERROGATORY NO. 4**: Identify every shareholder in M2 from January 1, 2000 to the present, and for each such person state the number of shares held during that time period (or any part of that time period) and the percentage of outstanding shares represented by the number of shares.

**INTERROGATORY NO. 5**: Identify every investor in M2, and state the date and the amount of the investment.

**INTERROGATORY NO. 6**: Describe in detail the proprietary and confidential information belonging to M2 that you allege was communicated to MRO, and as to each such item provide the following information:

(a) State who at M2 provided the information, who at MRO received the information and the date of the communication.

(b) Identify each document that concerns the communication of the alleged proprietary and confidential information.

(c) State the basis for your belief that the information is proprietary and confidential.

**INTERROGATORY NO. 7**: With respect to the "third party competitor" that "indicated an interest in and pursued the purchase of" M2, referenced in paragraph 37 of the Complaint and the "interested third parties" referenced in paragraph 49(e)(the "potential purchasers"):

(a) identify each potential purchaser, and every employee or representative of the potential purchasers with whom M2 communicated;

(b) identify any business broker or investment banker that acted as an intermediary between M2 and the potential purchasers;

(c) identify all documents concerning M2's dealings with the potential purchasers.

**INTERROGATORY NO. 8:** With respect to the allegations in paragraph 48 and 49 of the Complaint regarding actions taken by M2, and actions M2 forbore from taking, in reliance on representations made by MRO:

(a) Describe in detail the alleged creation and completion of the computer infrastructure and identify every document concerning the alleged expenditures;

(b) Describe in detail the alleged expansion of M2's workforce, and specifically identify each individual hired, the date of hire, the salary at which the individual was hired, and the date the individual was terminated.

(c) Identify every document concerning the marketing related materials and the marketing related personnel. With respect to personnel, identify each individual hired, the date of hire, the salary at which the individual was hired, and the date the individual was terminated. With respect to any ad agency or other contractor, identify the contractor and identify all documents concerning the services provided, and monies paid to, the contractor.

**INTERROGATORY NO. 9:** With respect to the allegations of fraud contained in the complaint, identify every fraudulent statement, false promise or misrepresentation made by MRO to M2.

**INTERROGATORY NO. 10:** If M2 contends that MRO has forgiven monies owed to MRO under the 2000 Agreement or the 2002 Agreement, state the basis for that contention.

**INTERROGATORY NO. 11:** Identify every payment of monies made by M2 to MRO, and as to each such payment state the date and amount, and the basis for the payment.

**INTERROGATORY NO. 12:** Identify every customer to whom M2 has provided MAXIMO hosting services from November 24, 2003 to the present, and as to each such customer state the hosting fees paid by the customer to M2.

**INTERROGATORY NO. 13:** Identify every potential customer to whom M2 has marketed MAXIMO hosting services since November 24, 2003, and identify every document concerning such marketing.

**INTERROGATORY NO. 14:** Identify every version of MAXIMO that M2 has in its possession (for example, version 5.1.X), and as to each such version of MAXIMO state (i) the date it came into M2's possession and (ii) the contract with MRO under which M2 came into possession of this version.

**INTERROGATORY NO. 15:** State on a historical basis, for each of the last five years, the number of employees employed by M2, and provide a census of employee positions (e.g., number engaged in development, sales, pre-sales, sales engineering, support).

**INTERROGATORY NO. 16:** Please identify each person who has been responsible for promotion, sales, marketing or technical support of M2's promotion of M2's MAXIMO solution from 2000 to the present, and as to each such person state (i) dates of employment or business relationship with M2 (if, for example, the person was an independent contractor), (ii) the person's responsibilities and (iii) the person's compensation. If the person's compensation changed at any time, state the dates and amounts of compensation.

**INTERROGATORY NO. 17:** Describe in detail every item of technical information that M2 has provided to MRO, and for each such item provide the date, the nature of the information, the reason that M2 provided this information to MRO, the person and department within MRO that allegedly received this information, and identify every document concerning the item.

**INTERROGATORY NO. 18:** Identify every communication M2 has had with MRO's Operations Center in London, Ontario.

**INTERROGATORY NO. 19:** State the version of MAXIMO that M2 hosts for the benefit of its customers, and if M2 is hosting more than one version of MAXIMO, identify the customers for which M2 is hosting version 4.X, and those for which it is hosting version 5.X.

**INTERROGATORY NO. 20:** Identify every expenditure made by M2 on equipment and other capital assets after MRO allegedly promised to promote M2's solutions within MRO's sales force.

**INTERROGATORY NO. 21:** Explain any defense that M2 intends to assert to MRO's claims for money owed by M2 under the Hosting Affiliate Agreement, to the extent that the obligations to pay arose from and after the date of M2's request that MRO forgive amounts then outstanding under the Hosting Affiliate Agreement.

**INTERROGATORY NO. 22:** Identify each person you have interviewed or from whom you have obtained a written or recorded statement regarding any matters at issue in this litigation; and identify any statements that have been obtained.

**INTERROGATORY NO. 23:** State whether you are aware of any statement, communication or testimony made by any employee or agent of MRO in the nature of an admission which you expect or intend to rely upon or present as evidence in this matter. Please provide the following information regarding each such statement, communication or testimony:

    (a)    Identify each person making the statement, communication, or testimony;

    (b)    Identify each person who received and/or heard the statement, communication or testimony;

    (c)    State the time, date and place of the statement, communication, or testimony;

    (d)    Describe specifically the statement, communication or testimony; and

    (e)    Identify each and every document referring or relating to the statement, communication or testimony.

**INTERROGATORY NO. 24:** Identify each person you expect to call as an expert witness at the trial and, with respect to each such person:

    (a)    Describe in detail the subject matter on which the person is expected to testify;

    (b)    State in detail the substance of the facts to which the person is expected to testify;

    (c)    State in detail the substance of all opinions to which the person is expected to testify; and

    (d)    State in detail the grounds for each opinion.

**INTERROGATORY NO. 25:** Identify, itemize, and describe in detail all damages, expenses and losses you are claiming in this litigation and identify each document that refers, relates to, evidences, or supports any damages claimed by you in this litigation.

MRO SOFTWARE, INC.

By its attorneys,

/s/ Kurt Bratten
Lee T. Gesmer (BBO No. 190260)
Kurt Bratten (BBO No. 644730)
Gesmer Updegrove LLP
40 Broad Street
Boston, MA 02109
(617) 350-6800

Dated: October 25, 2004

### Certificate of Service

I, Kurt Bratten, hereby certify that on the 25rd day of October 2004, a true copy of the foregoing document was served by facsimile and first-class mail upon Mark Resnick, Fee, Rosse & Lanz, P.C., 321 Boston Post Road, Sudbury, MA 01776.

/s/ Kurt Bratten
Kurt Bratten