UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------X
M²CONSULTING, INC.,                     :
                                        :
                        Plaintiff,      :    C.A. No. 03-12589-GAO
                                        :
v.                                      :
                                        :
MRO SOFTWARE, INC.,                     :
                                        :
                        Defendant.      :
----------------------------------------X

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

The Court hereby ORDERS that the following procedures shall govern the production and exchange of all documents, testimony, interrogatories and other information produced, given or exchanged by and among all parties in the course of this action (the "Action"):

1. (a) Counsel for any party, person or entity (hereinafter "Person") subject to discovery in the Action may designate as "Confidential" any files, documents, deposition testimony, and information furnished by that party in the course of pretrial discovery in the Action which such Person believes in good faith constitutes or reveals confidential, non-public business or personal information.

(b) The designation by any Person of any document, material or information as "Confidential" shall constitute a representation that such document, material or information has been reviewed by an attorney for the Person and that, in such counsel's opinion, there is a good faith basis for such designation. Notwithstanding the foregoing, a producing party's inadvertent failure to designate material "Confidential" in accordance with the terms of this paragraph will not preclude a later designation (but no later than 30 days from original production) to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation.

2. "Confidential" material will be used by the receiving party solely for purposes of preparing for and conducting the litigation of the Action and any related action and any appellate proceeding in the Action or any related appellate proceedings.

3. Any document or other tangible materials designated as "Confidential" shall be so designated by stamping the same with the legend "Confidential", or a substantially similar legend, at the time of their production.

4. Any deposition or other testimony may be designated as "Confidential" by any one of the following means:

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------X
M²CONSULTING, INC.,              :
                                 :
              Plaintiff,         :   C.A. No. 03-12589-GAO
                                 :
v.                               :
                                 :
MRO SOFTWARE, INC.,              :
                                 :
              Defendant.         :
---------------------------------X

### ACKNOWLEDGEMENT TO BE BOUND BY THE STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

I, _____, do hereby acknowledge that I have read the Stipulated Confidentiality Protective order entered in the above-captioned matter, and agree to be bound by the terms thereof.

_____

(a) stating orally on the record of a deposition that certain information or testimony is "Confidential" or that the entire deposition transcript is so designated; or

(b) sending written notice within ten (10) business days of receipt of the transcript of the deposition designating all or a portion of the transcript as "Confidential". However, all oral testimony, regardless of whether a designation was made on the record, shall be treated as "Confidential" until ten (10) business days after the transcript of the deposition has been received by the party whose "Confidential" materials are involved.

5. Discovery materials designated "Confidential" shall not be disclosed by the party receiving such materials to persons other than:

(a) this Court or any other Court exercising appellate jurisdiction with respect to the determinations of this Court (collectively, the "Court"), court officials and employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

(b) any named party and the officers, directors, and employees of such party who need to review such materials to participate in preparing for and conducting the litigation of the Action and any related action and any appellate proceeding in the Action and any related appellate proceedings;

(c) counsel to the parties in the Action who have entered appearances in the Action and inside counsel of the parties, and attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

(d) clerical and data-processing personnel not regularly employed by such counsel, but involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery materials to the extent reasonably necessary to assist such counsel in these proceedings;

(e) any jurors and alternate jurors;

(f) the insurers and reinsurers of the parties to these proceedings or of the officers, directors, partners, and employees of such parties, and the officers, directors, partners, employees and counsel of such insurers and reinsurers, to the extent reasonably necessary to assert, investigate, respond to or perform other work in connection with any claim for insurance coverage;

(g) a non-party who authored or received the confidential information;

(h) any expert or consultant as provided in paragraph 6 below; and

(i) any other person to whom the parties agree in writing.

7. "Confidential" materials may be provided to qualified experts or consultants retained by counsel in connection with the Action only to the extent necessary for such expert or consultant to prepare an opinion, to prepare to testify, or to assist counsel in the prosecution of the action, provided that such expert or consultant: (a) is using said information solely in connection with

the producing person shall give notice to the receiving party that privileged documents or information have been inadvertently produced or disclosed and request the return of such document. Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned to the producing person within fourteen (14) days of such demand, unless the receiving party objects to the claim of privilege, the claim of inadvertent production and/or the reasonableness of the notice given, in which case the receiving party and the producing person shall attempt to resolve the dispute. If the dispute is not resolved, the producing person may move the Court for a protective order. In the event the producing person makes such a motion, the producing person shall have the burden of demonstrating the applicability of the privilege claimed to the producing person's inadvertent production. Any documents or information as to which notice has been given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the receiving party and the producing person otherwise agree.

15. Nothing herein shall preclude any party from applying to this Court for an order modifying this ORDER, or shall preclude any modification of this ORDER with the consent of all parties hereto.

16. This ORDER shall be applicable to discovery provided by any third-party witnesses who agree in writing to be subject to and bound by the terms of this ORDER. Any Person may move the Court for a modification of or relief from this ORDER at any time upon notice to all parties.

| | |
|---|---|
| M²Consulting, Inc.<br>By its Attorneys<br>Teitler & Teitler | MRO Software, Inc.<br>By its Attorneys<br>Gesmer Updegrove, LLP |
| By: *John M. Teitler, PC*<br>John M. Teitler (Pro Hac Vice)<br>Teitler & Teitler<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Tel. (212) 997-4400 | By:_____<br>Lee T. Gesmer (BBO No. 190260)<br>Gesmer Updegrove, LLP<br>40 Broad Street<br>Boston, MA 02109<br>Tel. (617) 350-6800 |

Michael C. Fee (BBO No. 552796)
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776
Tel. (978) 440-7000

Entered as an Order of this Honorable Court this _____ day of September 2004.

PER ORDER:

_____

Sep-10-2004  07:44pm   From-                                            T-076  P.005/007  F-791

the Action; (b) executes a copy of the acknowledgment attached as *Exhibit A*, agreeing in writing to be bound by the terms and conditions of this ORDER and consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this ORDER; (c) agrees not to disclose or use such confidential discovery materials for purposes other than those permitted hereunder; and (d) has expertise in the field to which the information relates.

8. Counsel shall be responsible for maintaining copies of all acknowledgements signed by every person receiving "Confidential" information. Such acknowledgement shall be available for inspection by counsel for all parties to this action after the final termination of this Action.

9. If any party objects to the designation of any discovery materials as "Confidential" the party shall state the objection by letter to counsel for the party making designation. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on any such motion, the discovery materials shall continue to be deemed "Confidential" under the terms of this ORDER. In any court proceeding regarding confidential information, the burden shall be on the party asserting the claim to demonstrate that any document or information is "Confidential".

10. Nothing herein shall prevent any Person from seeking, by written agreement of the parties hereto or court order, further, greater, or lesser protection with respect to the use of any "Confidential" materials in connection with this Action.

11. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of the Action. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery. Nothing herein shall be construed to limit in any way any party's use of its own "Confidential" materials.

12. Within sixty (60) days after the producing party's request therefore and after the final termination of the Action, counsel shall return all confidential materials and copies (including excerpts and summaries) thereof to counsel for the producing party, or, in lieu thereof, certify in writing that such "Confidential" materials have been destroyed, except that counsel may retain documents reflecting any work product, copies of Court filings and official transcripts and exhibits, provided said retained document and the "Confidential" information contained therein will continue to be treated as provided in this ORDER.

13. If any party (or its counsel) receives a subpoena or other compulsory process demanding documents or information, or material designated as "Confidential" by any other party, that party or counsel shall give notice to the party so designating the information, document, or material at least 14 days prior to the return date of the subpoena or other compulsory process, or, if the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the designating person in writing or by telephone as soon as possible but in no event later than 72 hours prior to the return date. Absent court order to the contrary, the party or counsel subject to the subpoena or other compulsory process may produce the requested information, document or material on the return date.

14. The inadvertent production of any document or other disclosure of information which the producing person contends is subject to the attorney-client privilege, work-product protection, or any other privilege or protection against disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or information disclosed or as to any other document or information relating thereto. Within a reasonable time,