UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| M2 CONSULTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> MRO SOFTWARE, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 03-12589-GAO <br> ) <br> ) <br> ) <br> ) <br> ) |

### AFFIDAVIT OF MARK S. RESNICK

I, Mark S. Resnick, do hereby depose and state as follows:

1. I am an attorney and a member in good standing of the bar of the Supreme Judicial Court of the Commonwealth of Massachusetts, BBO # 559885.

2. I am counsel to the Plaintiffs in the above-captioned action.

3. MRO's initial document production contained relatively few documents. It included hard copy prints outs of email communications between the parties, in "text file" format. It contained almost no email. M2's counsel brought these deficiencies to MRO's attention, and has continued to do so for a many months. MRO made supplemental productions on November 17 and 23, 2005, but its production remained incomplete. Neither of these productions contained substantial volumes of email. Recently, MRO made a supplemental production which did not substantively address all of the topics detailed in my letter of January 18th. Its counsel has not definitively confirmed that its search is for responsive documents is complete.

making, that if any additional document were found "as soon as our client locates responsive documents we get them to you right away".

SIGNED UNDER THE PENALTIES OF PERJURY THIS 6TH DAY OF APRIL, 2005.

_____
Mark S. Resnick

## CERTIFICATE OF SERVICE

I, Mark S. Resnick, Esq., hereby certify that I have on the 6th day of April, 2005, served, by fax and first class mail, a copy of the foregoing document upon:

Lee Gesmer, Esquire
Gesmer Updegrove LLP
40 Broad Street
Boston, MA  02109 - 4310

_____

3

4. On January 18, 2004, I wrote to MRO's counsel outlining 34 separate areas where MRO's production was incomplete. MRO's counsel responded on January 27th by indicating that it was searching for the documents but that the references to responses in the email notwithstanding, the documents simply might not exist. MRO's counsel also indicated that I would receive a detailed response to the 34 separate categories of discovery deficiencies outlined in this letter. To date, I have not received the promised response.

5. On February 28, 2005, I received a letter from MRO's counsel informing me that additional responsive documents had been located and where in the process of being produced. On March 24, 2005, MRO made yet another supplemental production of approximately 400 pages of additional documents. This production also did not contain a substantial volume of email, nor was it materially responsive to the document production issues M2's counsel had raised in an earlier letter to MRO's counsel.

6. On March 18, 2005, I had a discovery conference with Kurt Bratten, counsel for MRO, regarding MRO's document production issues. I inquired as to when MRO intended to make the supplemental production referenced in the earlier correspondence, and I was told M2 would receive the production within a few days. I also asked Attorney Bratten whether M2's production of responsive documents was complete. Mr. Bratton stated that he was "unaware" of any responsive documents that either had not been produced or would not be produced to M2 by the time it received MRO's supplemental production. He then stated, when pressed further about MRO the supplemental piecemeal document productions MRO had been

2