UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

M² CONSULTING, INC., )
)
Plaintiff, )
)
v. ) Case No. 03-12589-GAO
)
MRO SOFTWARE, INC., )
)
Defendant. )

## M2 CONSULTING, INC'S
### REPLY TO THE MRO SOFTWARE, INC.'S OBJECTION TO MAGISTRATE JUDGE BOWLER'S MARCH 23, 2005 ORDER

The plaintiff, M2 consulting, Inc. ("M2") submits the following reply to MRO Software Inc.'s Objection to Magistrate Judge Bowler's March 23, 2005 Order (the "MRO Objection" and the "Discovery Ruling", respectively). Magistrate Bowler carefully considered both the interrogatory at issue, M2's response, and the very same arguments raised by MRO in its Objection, at length, and after careful and serious deliberation correctly concluded that M2's responses was sufficient, in light of the specific facts and circumstances of this case, facts and circumstances of which MRO is well aware.

In further support of this Reply, M2 states as follows:

1. When M2 responded to MRO's First Set of Interrogatories, MRO was unsatisfied with virtually every response.[1] Negotiations failed, and MRO moved to compel M2 to produce

---

[1] The specific interrogatories that issue, and M2's responses to those interrogatories are discussed in detail in M2's Opposition to MRO's Motion to Compel, a pleading already on file with this Court, filed on February 16, 2005.

supplemental response to, *inter alia*, it's Interrogatory Number 6, requesting a description of M2's trade secrets.

2. On March 23, 2005, this Court, Bowler, J., held a hearing on MRO's motion to compel. Magistrate Bowler heard MRO's argument as to why it believed M2's response to Interrogatory Number 6 was insufficient. Magistrate Bowler also heard from M2's counsel as to why the description was not only sufficiently detailed, but in every other way satisfactory.

3. M2's counsel pointed out, among other things, that the trade secrets at issue in this case were M2's business processes, and its developed expertise regarding the manner in which to profitably operate a web hosting business. Because the two parties were, for several years, interacting on a daily basis on multiple levels, much of the information regarding the operation of M2's business – its trade secrets - was transmitted in small batches, through e-mail, back-and-forth between the parties. M2's counsel pointed out that M2 has produced all of its correspondence with not only MRO, but also with its hosting customers, in a computer searchable DVD format, formatted specifically to accommodate the requests of MRO's counsel.

4. Due to the nature of the way in which the information was exchanged between the parties, M2's description of its trade secrets, by category was a sufficiently detailed repsonse, particularly when viewed in light of MRO's ability to easily search the entire universe of electronic documents and hard copy which M2 has produced regarding this exchange of information. MRO described detailed categories and descriptions which were well known and with which MRO is familiar; the response leaves no doubt as to the identification of this information.

5. Magistrate Bowler carefully considered the arguments of counsel for the parties, and correctly ruled that M2's response was satisfactory. Immediately after that ruling, in the

midst of this hearing and in open court, counsel for MRO requested that Magistrate Bowler reconsider her ruling, and argued again as to why he believed M2's responses to be insufficient. Once again, Magistrate Bowler heard his arguments, considered MRO's position regarding M2's response to Interrogatory Number 6, and ruled against MRO.

6.  There have been no new developments which in any way impact either the correctness of Magistrate Bowler's ruling, or the grounds for MRO's objection. Magistrate Bowler correctly determined that MRO's request that M2 be compelled to provide a more detailed response to Interrogatory Number 6 should be denied. Nothing has changed. There is no basis, either in fact or law to disturb Magistrate Bowler's discretion, or to substitute a decision of the District Court for Magistrate Bowler's ruling.

7.  MRO's election to object to Magistrate Bowler's ruling is inappropriate, and a waste of judicial resources. It exemplifies MRO's propensity to take uncompromising positions in this litigation and its propensity to contest M2's discovery responses, even apparently after a Federal Magistrate Judge has ruled that those responses are sufficient. To do anything less than summarily dismiss MRO's Objection will encourage this wasteful and obstinate conduct.

WHEREFORE, M2 respectfully requests that MRO's Objection to Magistrate Bowler's Ruling with respect to Interrogatory No. 6 be denied.

> M2 Consulting, Inc.
> By its Attorneys
> Fee, Rosse & Lanz, P.C.
>
> By: _____
> Michael C. Fee, Esq. (BBO NO. 552796)
> Mark S. Resnick, Esq. (BBO NO. 559885)
> Fee, Rosse & Lanz, P.C.
> 321 Boston Post Road
> Sudbury, MA 01776
> (978) 440-7000

Counsel:

John M. Teitler
Teitler & Teitler
1114 Avenue of the Americas
New York, NY 10036
Tel. (212) 997-4400

April 11, 2005

## CERTIFICATE OF SERVICE

I, Mark S. Resnick, hereby certify that on April 11, 2005, a copy of this pleading was served upon the Defendant, by telecopier and by mailing this opposition, first class mail, postage pre-paid, to Lee Gesmer, Esq., Gesmer Updegrove LLC, 40 Broad Street, Boston, MA 02109.

-4-