UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------X
M²CONSULTING, INC.,                             :
                                                :
                     Plaintiff,                 :    C.A. No. 03-12589-GAO
                                                :
v.                                              :
                                                :
MRO SOFTWARE, INC.,                             :
                                                :
                     Defendant.                 :
-----------------------------------------------X
```

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION AND INSPECTION OF DOCUMENTS AND THINGS

Plaintiff, M²Consulting, Inc. ("Plaintiff" or "M²Consulting"), hereby requests, pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of the United States District Court for the District of Massachusetts, that Defendant, MRO Software, Inc. ("MRO"), produce the following documents and things within its possession, custody, or control for inspection and copying on September 8, 2004, at the offices of Fee, Rosse & Lanz, P.C., 321 Boston Post Road, Sudbury, MA 01776.

### Definitions

1. The definitions and rules set forth in Local Rule 26.5 shall apply to all document requests herein.

2. "Document" is used herein in the broadest sense possible and shall mean any medium upon, through or by which intelligence or information is recorded, in whole or in part, or from which intelligence or information may be retrieved, including, without limitation, any email, recorded tape, any recorded, written, printed, typed or other graphic matter of any kind or nature whatsoever, however produced or reproduced, whether sent or received or neither,

and any and all drafts, abstracts and/or copies bearing notations or marketing not found on the original, including, but not limited to, any and all tape recordings, recordings, recording transcriptions, memoranda, reports, notes, jottings, correspondence, transcripts, letters, envelopes, diaries, telegrams, cables, telexes, telex files, teletypes, computer programs or printouts, marginal notations, statements, summaries, opinions, journals, fact sheets, offering sheets, credit files, credit reports, credit requests, investment reports, mining reports, engineering reports, appraisals, investments analyses, legal opinions, commitment letters, closing documents, estimates, contracts, books, appointment books, calendars, records, receipts, articles, authorizations, investigations, circulars, bulletins, bills, invoices, checks, check stubs, bank statements, financial statements, confirmations, notices, accounts, account statements, messages, telephone messages, memoranda (including memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities), policies, insurance policies, applications, insurance applications, agreements, ledgers, promissory notes, guarantees, instruments, negotiable instruments, premiums, insurance premiums, worksheets, sheets, registers, minutes, photographs, sketches, newspapers, press releases, projections, magazines, proofs, papers, charts, map graphs, day books, brochures, magnetic tape, card or wire recordings, pleadings, notices, excerpts, clippings, transcripts, sworn or unsworn testimony and interviews or examinations, whether copies or originals.

   3. The terms "all" and "each" as used in this Request shall be construed as all and each.

   4. The connectives "and" and "or" as used in this Request shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

   5. In this Request the use of the singular form of any word includes the plural

and vice versa.

6. The terms "you" and "your" as used in this Request mean Defendant and any of its predecessors, successors, affiliates, officers, directors, employees, and agents.

7. The term Plaintiff as used in this Request mean Plaintiff and any of its predecessors, successors, affiliates, officers, directors, employees, and agents.

8. Any Request concerning an allegation or a defense asserted in a pleading shall be deemed to refer to the most recent version of the pleading served as of the date of service of your response to such Request.

### Instructions

1. Any document requested herein shall be produced as it is kept in the ordinary course. The name of the file from which it is produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file shall each be set forth. Where Defendant has possession, custody, or control of the original, the original must be provided for inspection and copying.

2. Each request herein for a document or documents to be produced contemplates production of the document in its entirety without abbreviation or expurgation. Each and every non-identical copy of a document (whether different from the original because of stamps, notations, indications of receipt, handwritten notes, marks, attachment to different documents, or any other reason, and whether or not claimed to be exempt from production) is a separate document to be produced.

3. In producing documents, all documents that are physically attached to each other in files shall be made available in that form regardless of whether the attached documents are otherwise requested herein. Documents that are segregated or separated from other documents whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be made available in that form.

4. Where a specific document is requested, such Request should not be interpreted to exclude any other documents where it is known that such other documents contain

information relevant to the Request.

5.  If a document described by the Request was, but no longer is, in existence or in your possession, custody, or control, or has been lost, destroyed, or otherwise disposed of, furnish a list identifying each such document and stating the following information for each document: (1) the present or last known location of that document, (2) the nature of the document and its contents, (3) the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent or to whom the contents of the document were divulged, (4) the date on which the document was prepared or transmitted, (5) the date on which the document was lost, destroyed, or otherwise disposed of, (6) the conditions of and reasons for such destruction or other disposition, (7) the names and addresses of the persons requesting and performing the destruction or other disposition, and (8) the names and addresses of persons with knowledge of the contents of that document.

6.  The relevant time period for purposes of this Request is from January 1, 1999, to the present, unless otherwise stated.

7.  This Request represents a continuing Request for production. Therefore, if a document described by or responsive to this Request is not in existence or in the possession, custody, or control of you or your attorneys, accountants, investigators, agents, representatives, or employees at the time of the first response to this Request, but later comes into existence or into your or their possession, custody, or control, you must immediately produce the documents responsive to this Request.

8.  If any document requested herein is withheld or otherwise not produced under a claim of privilege, immunity, or for any other reason, all such documents shall be identified by indicating as to each such document (1) the subject matter, (2) date, (3) number of pages, (4) author(s), (4) sender(s), (5) addressee(s), (6) each person to whom copies of such document were furnished or to whom its contents were communicated, (7) the specific grounds for the assertion of privilege or immunity, and (8) the Request(s) to which such document is responsive.

## Documents And Information To Be Produced

1. All documents referred to in your Initial Disclosures under Fed. R. Civ. P. 26(a)(1) (Letter from Lee T. Gesmer to John M. Teitler and Michael C. Fee (July 1, 2004)).

2. All documents concerning any business relationship, actual, prospective, hypothetical, possible, or otherwise, between you and Plaintiff.

3. All documents concerning any meetings, discussions, e-mails, telephone calls, correspondence, or other communications either (a) between you and Plaintiff; or (b) in anyway concerning Plaintiff.

4. All documents concerning Internet hosting of MAXIMO (i.e. allowing customers access to and use of MAXIMO via the Internet) by Plaintiff, by you or by any other entity, whether actual, prospective, hypothetical, possible, or otherwise.

5. All documents concerning any scientific, technical, or business information obtained by you from Plaintiff, including but not limited to any such documents concerning the development and deployment of a computing infra-structure to deploy Maximo, including but not limited to net work infrastructure, system user administration, database template architecture, rapid deployment processes, non-standard software installation and pricing methodologies.

6. All documents concerning the 2000 Internet Hosting Agreement, including but not limited to all drafts thereof and all documents concerning the drafting of the 2000 Internet Hosting Agreement, any negotiation thereof and any discussion regarding the terms thereof.

7. All documents concerning the 2002 Internet Hosting Agreement, including but not limited to all drafts thereof and all documents concerning the drafting of the 2002 Internet Hosting Agreement, any negotiation thereof and any discussion regarding the terms thereof.

8. All documents concerning any alleged breach by Plaintiff of either the 200 Internet Hosting Agreement or the 2002 Internet Hosting Agreement.

9. All documents concerning any sales efforts, either actual, prospective, hypothetical, possible or otherwise, by you of Plaintiff's Internet hosting services of MAXIMO.

10. All documents concerning any commissions to be paid for the sales of Plaintiff's Internet hosting services of MAXIMO.

11. All documents concerning efforts expended by Plaintiff or expenses incurred by Plaintiff in furtherance of the sale of Plaintiff's Internet hosting services of MAXIMO.

12. All documents concerning the allegation in paragraph 13 of your Answer that Plaintiff "did not have exclusive rights to application hosting of MAXIMO under the 2000 [Internet Hosting] Agreement."

13. All documents concerning the allegation in paragraph 14 of your Answer that Defendant "had no legal obligation to refer customers" to Plaintiff.

14. All documents concerning the allegation in paragraph 16 of your Answer that Plaintiff "has failed to pay MRO any monies under the 2000 or 2002 [Internet Hosting] Agreement."

15. All documents concerning the allegation in paragraph 17 of your Answer that "[P]laintiff was repeatedly told that MRO itself expected to provide hosting services directly to MRO's customers in the future."

16. All documents concerning the allegation in paragraph 21 of your Answer that "MRO did not make any 'commitment' to 'instruct its North American sales force to market affirmatively' M2's services."

17. All documents concerning the allegation in paragraph 21 of your Answer that "MRO told M2 that referring customers to M2 was a less desirable and less profitable alternative to selling the MAXIMO software directly, and therefore MRO could not make any 'commitment' to M2."

18. All documents concerning the allegation in paragraph 21 of your Answer that "MRO repeatedly told M2 that MRO would itself be hosting MAXIMO at some point in the

6

future, and that M2 needed to prepare for this event, which would have the effect of ending most or all referrals to M2" and the allegation in paragraph 48 of your Answer that "M2 had been warned that MRO intended to provide its own MAXIMO hosting service."

19. All documents concerning the allegation in paragraph 5 of your Counterclaims that Plaintiff had "fail[ed] to make over $100,000 in payments under the 2002 [Internet Hosting] Agreement."

20. All other documents concerning (a) the allegations of the Complaint, (b) your Answer, (c) your Counterclaims, (d) Plaintiff's Answer to Counterclaim, and/or (e) any affirmative defenses you have alleged or will allege.

Dated: New York, N.Y.
August 6, 2004

$M^2$Consulting, Inc.
By its Attorneys
Teitler & Teitler

By: _____
John M. Teitler (Pro Hac Vice)
Teitler & Teitler
1114 Avenue of the Americas
New York, NY 10036
Tel. (212) 997-4400

Michael C. Fee (BBO No. 552796)
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776
Tel. (978) 440-7000

CERTIFICATE OF SERVICE

I, John M. Teitler, hereby certify that a true copy of the foregoing document was served by mail upon all counsel of record, directed to Lee T. Gesmer, Esq., Gesmer Updegrove LLP, 40 Broad Street, Boston, MA 02109, this 6th day of August 2004.

_____
JOHN M. TEITLER