

**GESMER UPDEGROVE LLP**

*Attorneys at Law*

Kurt Bratten
*kurt.bratten@gesmer.com*

October 15, 2004

**VIA FACSIMILE (978) 440-7650**
**AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

Re: *M2 Consulting, Inc. v. MRO Software, Inc.*
U.S. District Court C.A. No. 03-12589-GAO

Dear Mark:

I am writing to follow up on our telephone conversation of October 13, 2004 concerning the above entitled action. During our discussion, we reached agreement with respect to several discovery related matters which are described herein.

With regard to each party's production of documents, it was agreed by counsel to both parties that additional searches for documents would be performed and supplemental documents would be produced by both M2 Consulting, Inc. ("M2") and MRO Software, Inc. ("MRO"), based on the issues raised during our telephone conversation and prior correspondence. Specifically, MRO will address your request for copies of the executed agreements between the parties, any e-mail attachments that were inadvertently not provided in our initial production and we will investigate whether any responsive documents reside with MRO personnel who have not already produced documents to M2.

On behalf of M2, you informed us that your client's production of documents was complete, subject to several exceptions. First, you indicated that M2 would be producing another CD containing e-mail and other documents, in PST format, and that this CD would likely be produced by the end of this week. As Mr. Gesmer indicated in his e-mail to you yesterday, the CD previously produced by M2 in text format, is not usable and we request that it be provided in PST format. You also mentioned that you would like to discuss with your client some additional documents and areas of inquiry related to M2's document production, such as the production of copies of the executed agreements between the parties.

As Mr. Gesmer mentioned during our telephone conversation, MRO is in possession of a document containing certain confidential information which MRO is willing to produce to M2 subject to the appropriate confidentiality restrictions. As we

discussed, this document was brought to Mr. Teitler's attention some time ago, however, he was unwilling to address our confidentiality concerns with the Protective Order entered in this case and he did not respond to Mr. Gesmer's request for adequate confidentiality measures for this specific document. Since you indicated that M2 intends to produce a similar document, we look forward to your suggestion as to how the parties can produce such documents to each other while adequately safeguarding their contents.

After some discussion about the existing scheduling order and the fact that this case is somewhat behind schedule with regard to discovery, the parties have agreed push back several discovery deadlines by one month in the hope of keeping the case on track and meeting the larger deadline for the conclusion of all discovery in this matter. M2 and MRO have agreed to the following schedule:

- January 31, 2005 – Deadline for the completion of all fact witness depositions
- March 31, 2005 – M2's expert report due
- April 29, 2005 – MRO's expert report due
- June 30, 2005 – Deadline for the completion of all expert witness depositions
- July 14, 2005 – Status Conference

It was also agreed that the parties would defer the matter of providing privilege logs in this action, pending further discovery, and that interrogatories would be served on October 25, 2004. The parties will have 30 days to prepare and serve their answers to the opposing party's interrogatories.

Please let me know if you disagree with anything set forth in this letter. Thank you.

Very truly yours,

Kurt Bratten