UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

M2 CONSULTING, INC.

                Plaintiff,

v.                                       C.A. No. 03-12589-GAO

MRO SOFTWARE, INC.

                Defendant.

**MRO SOFTWARE, INC.'S MOTION FOR
LEAVE TO SERVE ADDITIONAL INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33(a) and 26(b)(2), defendant MRO Software, Inc. ("MRO") respectfully moves for leave to serve written interrogatories exceeding 25 in number in the form attached hereto. A copy of MRO's Second Set of Interrogatories (the "Additional Interrogatories") is attached as Exhibit A.

In December 2003, M2 filed this action and brought claims against MRO for promissory estoppel, unjust enrichment, violation of M.G.L. ch. 93A. and fraud. On October 25, 2004, MRO served its First Set of Interrogatories (25 in number) concerning allegations raised in M2's initial Complaint. On January 19, 2005, M2 amended its Complaint and considerably expanded its allegations against MRO. MRO served M2 with its Additional Interrogatories on March 8, 2005. On April 7, 2005, M2 served its written Responses to MRO's Additional Interrogatories, pursuant to which it objected and refused to respond because MRO "previously served M2 with 25 Interrogatories in this case . . ." A copy of M2's Responses to MRO's Additional Interrogatories are attached as Exhibit B.

M2's Amended Complaint sets forth six new causes of action and numerous new factual allegations, seeks injunctive relief against MRO and adds a new defendant, Craig Newfield, general counsel to MRO.  (Amended Complaint.)  M2's new allegations predominantly concern transactions and disputes not previously addressed in this case since they transpired during the pendency of this action.  (Am. Complaint, pars. 24-25, 60-69, 103-107, 131-137.)  M2's Amended Complaint, and recent discovery received from M2, reveals that M2 has continued to offer MRO's software product for sale (and has entered into numerous agreements with new customers), *following* termination of the distribution agreement between the parties and in violation of its terms.  The conflict that ensued over this issue produced additional disputes, all of which arose in 2004, after this action was filed.  M2's Amended Complaint makes numerous allegations regarding this dispute and seeks declaratory and injunctive relief which would prevent MRO from enforcing its intellectual property, contract and other rights against M2. (Am. Complaint, pars. 103-107, 136-137.)  In addition, M2's Amended Complaint seeks damages pursuant to a claim for intentional interference with advantageous business relations allegedly arising from this dispute.  (Am. Complaint, pars. 131-135.)  M2's action against MRO has undergone major changes and MRO is entitled to propound written discovery regarding M2's new allegations.

MRO's Additional Interrogatories are aimed at M2's new legal and factual allegations and are necessary for MRO to understand the claims against it.  MRO's First Set of Interrogatories, and M2's Answers thereto, did not address M2's amended claims against MRO. Allowing this amendment is in the interests of justice and efficiency since it will permit MRO, through the least intrusive means possible, to understand the new claims M2 has made against it. Moreover, failure to allow this Motion would reward M2's "bait and switch" litigation strategy,

whereby M2 amended its Complaint late in the discovery process (and after written discovery

was served), to include numerous new legal and factual allegations against MRO.

For the foregoing reasons, the Court should grant MRO leave to serve Additional

Interrogatories in the form attached hereto as Exhibit A.


MRO SOFTWARE, INC.


By its attorneys,


/s/ Kurt Bratten
Lee T. Gesmer (BBO No. 190260)
Kurt Bratten (BBO No. 644730)
Gesmer Updegrove LLP
40 Broad Street
Boston, MA 02109
Kurt.Bratten@gesmer.com
(617) 350-6800

Dated:  April 21, 2005


**Local Rule 7.1 Certificate of Compliance**

Counsel for MRO Software, Inc. hereby certifies that on April 11, 2005, pursuant to Rule
7.1(A)(2) of the Local Federal Rules of Civil Procedure, he (1) has conferred with counsel for
the Plaintiff regarding the attached Motion, and (2) has attempted in good faith to resolve or
narrow the issues presented.


/s/ Kurt Bratten
Kurt Bratten