UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

M2 CONSULTING, INC.

        Plaintiff,

v.

MRO SOFTWARE, INC.

        Defendant.

C.A. No. 03-12589-GAO

**MRO SOFTWARE, INC.'S SECOND SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33, MRO Software, Inc. ("MRO") hereby propounds this second set of interrogatories to M2 Consulting, Inc. ("M2").

**Instructions and Definitions**

1. The term "**M2**" refers to plaintiff and it predecessors, successors, affiliates, officers, directors, employees, attorneys and agents.

2. The term "**MRO**" refers to defendant and its predecessors, successors, affiliates, officers, directors, employees, attorneys, and agents.

3. The term "**2000 Agreement**" means the "Agreement Between M2 Consulting, Inc. and PSDI for MAXIMO Application" entered into between PSDI and M2 on March 22, 2000.

4. The term "**2002 Agreement**" means the "Hosting Affiliate Agreement" entered into between MRO and M2 on November 4, 2002.

5. The term "**hosting**" means Internet hosting of MRO's MAXIMO software.

6. The term "**person**" means any natural person or any business, legal, or governmental entity or association.

7. The terms "**document(s)**," "**concerning**" and "**identify**" shall have the meanings provided in Local Rule 26.5.

8. The term "**identify**", when identifying a person, shall mean to give, to the extent known, the person's full name, present or last known address and, when referring to a natural person, his or her last known place of employment.

9. The term "**identify**", when identifying documents, shall mean to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

10. When an interrogatory requests that you "**state the basis**" of or for a particular claim, assertion, allegation, or contention, you shall:

 (a) identify each and every document (and, where pertinent, the section, article or subparagraph thereof), which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

 (b) identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

 (c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

 (d) state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions referred to in the interrogatory.

12. These interrogatories should be deemed to impose a continuing obligation on M2 to the extent permitted by Fed. R. Civ. P. 26(e).

## Interrogatories

**INTERROGATORY NO. 1:** State the basis for M2's contention that, with respect to those persons who were not existing M2 customers on November 24, 2003, it has the right or authorization to market and/or provide Internet hosting of MAXIMO after November 24, 2003.

**INTERROGATORY NO. 2:** State the basis for the allegations in paragraph 63 of the Amended Complaint that M2 has the authority or right to "host customers who purchase software products from MRO, without having to pay any fees to MRO for such services."

**INTERROGATORY NO. 3:** If M2 contends that the 2002 Agreement was not terminated, state the basis for this contention.

**INTERROGATORY NO. 4:** State every action M2 has taken from November 24, 2003 to the date of your response to these Interrogatories with respect to marketing its MAXIMO hosting services, including a description of the ways in which M2 advertises and sells these services and its use of any distributors or resellers.

**INTERROGATORY NO. 5:** Identify all of M2's marketing material from November 24, 2003 to present with respect to its MAXIMO hosting services, including all sales proposals and correspondence showing M2's distribution of its marketing or sales materials.

**INTERROGATORY NO. 6:** State the basis for the allegation that M2 and MRO entered into a "Marketing Agreement" as described in paragraphs 18-23, 27, 30, 40 and 86-89 of the Amended Complaint, and include in your answer a description of the terms of this alleged agreement and any consideration provided by M2 and identify the representative who entered into this "Marketing Agreement" on behalf of MRO.

**INTERROGATORY NO. 7:** State the basis for the allegations that MRO developed and/or carried out a plan or scheme of the nature described in paragraphs 24, 25 and 56 of the Amended Complaint, including the identification of all participants in the alleged scheme and every document supporting these allegations and a description of how M2 learned of it.

**INTERROGATORY NO. 8:** State the basis for the allegations in paragraph 63 of the Amended Complaint that M2 has a valid license for version 5.x of MRO's MAXIMO software, including without limitation the identification of every document supporting this contention.

**INTERROGATORY NO. 9:** Describe in detail M2's business relationship with the Georgia Building Authority (the "GBA"), including without limitation the identification of every communication with the GBA.

**INTERROGATORY NO. 10:** State the basis for the allegations in paragraphs 61-63 of the Amended Complaint to the effect that MRO disrupted or interfered with M2's business relationship with the GBA, including without limitation the identification of every document supporting these allegations.

**INTERROGATORY NO. 11:** Describe in detail M2's business relationship with Grubb & Ellis Management Services, Inc. ("Grubb & Ellis"), including without limitation the identification of every communication with Grubb & Ellis.

**INTERROGATORY NO. 12:** State the basis for the allegations in paragraph 65 of the Amended Complaint that MRO and/or Mr. Newfield "conveyed false and disparaging information regarding M2" and "made numerous false statements, including but not limited to: (1) M2 had no right to possess Maximo 5.x; (ii) M2 had no right to perform hosting services involving Maximo software products; (iii) M2 was prohibited from consulting or contracting with new customers using Maximo software products; and (iv) M2's claims in the instant litigation were without merit."

**INTERROGATORY NO. 13:** State the basis for the allegations in paragraphs 64-68 of the Amended Complaint to the effect that MRO disrupted or interfered with M2's business relationship with Grubb & Ellis, including without limitation the identification of every document supporting these allegations.

**INTERROGATORY NO. 14:** Identify any communications between representatives of M2 and representatives of Grubb & Ellis, the GBA or any other third party concerning the allegations made in this lawsuit.

**INTERROGATORY NO. 15:** State the basis for the allegation in paragraph 11 of the Amended Complaint that M2 "carefully guards" its "commercially valuable trade secrets, consisting of confidential and proprietary scientific, technical, and business information" (the "Trade Secrets") and requires third parties to agree to keep these Trade Secrets confidential, including a description of the measures M2 took to guard or protect the alleged Trade Secrets that it claims were disclosed to MRO.

**INTERROGATORY NO. 16:** Describe in detail M2's "scientific" and/or "technical" Trade Secrets described in paragraphs 10, 16, 41 and 109 of the Amended Complaint.

**INTERROGATORY NO. 17:** State the basis for the allegations in paragraphs 41 - 43 of the Amended Complaint to the effect that M2 shared its alleged Trade Secrets with MRO and that MRO agreed to keep them confidential. In your response, identify every document by which M2's alleged Trade Secrets were communicated to MRO and through which MRO agreed and communicated that it would keep the same confidential.

**INTERROGATORY NO. 18:** Describe in detail the representations described in paragraphs 18 - 20 of the Amended Complaint, including without limitation identification

of the speaker and any persons who were present when each representation was made and the identification of any documents concerning these representations.

**INTERROGATORY NO. 19**: Identify the M2 principals, board members and investors referred to in paragraph 50 of the Amended Complaint.

MRO SOFTWARE, INC.

By its attorneys,

Lee T. Gesmer (BBO No. 190260)
Kurt Bratten (BBO No. 644730)
Gesmer Updegrove LLP
40 Broad Street
Boston, MA 02109
(617) 350-6800

Dated: March 8, 2005

### Certificate of Service

I, Kurt Bratten, hereby certify that on the 8th day of March 2005, a true copy of the foregoing document was served by facsimile and first-class mail upon Mark Resnick, Fee, Rosse & Lanz, P.C., 321 Boston Post Road, Sudbury, MA 01776.

Kurt Bratten

5