UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| M² CONSULTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> MRO SOFTWARE, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 03-12589-GAO <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S LIMITED MOTION TO QUASH AND FOR PROTECTIVE ORDER REGARDING PORTIONS OF RULE 30(b)(6) DEPOSITION NOTICE TO M2 CONSULTING, INC.**

The Plaintiff, M2 Consulting, Inc. ("M2") respectfully requests, pursuant to Fed. R. Civ. Proc. 26(c)(2) that this Court quash portions of and issue a protective order regarding the "Subject Matters" portion of the Defendants' Notice of Deposition Pursuant to Fed.. R. Civ. P. 30(b)(6) (the "Subject Topics" and the "MRO Rule 30(b)(6) Notice", respectively). The Subject Topics are irrelevant and seek information unlikely to lead to the discovery of admissible evidence. They also seek highly confidential and proprietary business information belonging to M2. Because the Court has not yet ruled on M2's Motion for Sanctions, adequate protections are not in place which would protect M2 from the potential misuse of the information sought by the Subject Topics.

AS GROUNDS FOR THIS MOTION, M2 states as follows:

1. On February 24 and 25, 2005, the Defendant, MRO Software, Inc. ("MRO") used information provided in discovery by M2 to illegally hack into M2's secure customer databases, disguised as an authorized M2 user.

2. Because this abuse of the discovery process caused M2 irreparable harm, and endangered secure data, M2 filed Plaintiff's Emergency Motion To Enjoin MRO's Misuse Of Information Produced In Discovery, For Default Judgment, Costs And Sanctions ("M2's Motion for Sanctions") on April 11, 2005. This motion is currently pending and set for a hearing on May 20, 2005.

3. On April 28, 2005, MRO served M2 with MRO's Rule 30(b)(6) Notice. A true and accurate copy of this notice is attached hereto as Exhibit "A". M2 agreed to provide a designee to testify in response to this notice. Topic Five in the "Subject Matters" section of that notice seeks "[T]he operation of Maxima on M2 computer equipment, including the configuration thereof." The phrasing of this topic in the MRO Deposition Notice renders its precise meaning impossible to determine. M2 cannot tell from the wording of this topic whether it refers to the operation of Maximo on M2's computer equipment and the configuration of Maximo on that equipment, or whether it means the operation of Maximo on M2's computer equipment, *and the configuration of M2's entire information technology system.* M2 has determined that it the latter interpretation is inherently problematic under the current circumstances of this case.

4. On May 13, 2005, M2's counsel wrote to MRO's counsel to address both M2's difficulty interpreting Topic Five, and its concerns relative to providing testimony on that topic

prior to resolution of M2's Motion for Sanctions. A true and accurate copy of that letter is attached hereto as Exhibit "B". (Resnick Aff. ¶ 4)

5. Later that day, counsel for the parties discussed this issue by telephone. (Resnick Aff. ¶ 5) In that conversation, M2's counsel informed MRO's cousnel that M2 could not, under the circumstances, provide testimony regarding the configuration of its entire information technology system. *Id.* M2's counsel also informed MRO's counsel that M2 would provide testimony regarding the operation of Maximo on M2's computer equipment, and the configuration *of that equipment. Id.* M2's counsel requested that MRO's counsel clarify the meaning of the last phrase of Topic Five, and that in the event that MRO's counsel interpreted the last phrase of that topic to mean the configuration of M2's entire information technology system, the parties agree to defer any testimony by M2's designee on that topic until after the court had resolved M2's Motion for Sanctions. *Id.* MRO's counsel stated that he could not either inform M2's counsel at that time as to MRO's position regarding the meaning of the second phrase of Topic Five, nor could he commit to any agreement regarding deferral of that testimony. *Id.* The parties agreed to speak again by telephone on Monday, May 16, 2005. *Id.*

6. On May 16, 2005, M2's counsel called MRO's counsel to inquire as to whether MRO would agree to defer the Subject Topics, as he had suggested on May 13th. (Resnick Aff. ¶ 6) He left a voice mail message, and received a call from an assistant to MRO's counsel informing him that he would receive a fax on this subject shortly. *Id.* He did in fact receive such a fax from MRO's counsel, indicating that MRO would not agree. A true and accurate copy of that letter is attached hereto as Exhibit "C". M2's counsel responded

3

in writing to Attorney Laferrera the same day. A true and accurate copy of that letter is attached hereto as Exhibit "D".

7. As set forth in the letter from M2's counsel to MRO's counsel in May 13, 2005, it is M2's position that the configuration of its entire information technology network is irrelevant to the facts and issues in this case. The only issue associated with M2's computer equipment or its information technology system which has been defined by the parties so far, is M2's copyright infringement claim, which turns upon allegations that M2 is improperly using or modifying the Maximo software which currently resides on its system. Discovery into the location, configuration, and use of Maximo on M2's would therefore be relevant. Discovery of the configuration of M2's entire information technology system would be unlikely to lead to the discovery of any evidence which would be admissible either specifically for MRO's copyright infringement claim, or in the case generally.

8. Moreover, the configuration of M2's information technology system involves providing highly confidential information to MRO. As set forth in more detail in M2's pending Motion for Sanctions, it is M2's position and MRO has made wrongful and illegal use of information provided by M2 to MRO in discovery. M2 has sought both sanctions and injunctive relief to prevent MRO from engaging in further misconduct. That motion has not been resolved by the court. Given the sensitivity of the information requested, M2 cannot provide this information to MRO prior to the entry of an appropriate order which would provide protections, and prior to any agreement between the parties regarding the use of this information, and the personnel on MRO's side of the case who would be permitted to view this information. A protective order is therefore appropriate under the

circumstances, since without it, M2 would produce highly sensitive information to MRO without any assurance that that information would be protected, and without any assurance that MRO would refrain from engaging in additional discovery abuse, this time directed at its entire information technology system. As an internet based hosting company, M2's information technology system is its business. Damage to that system would destroy M2.

WHEREFORE, M2 requests that this Court enter a protective order pursuant to Fed. R. Civ. P. 26(c)(2), providing that the company's Rule 30(b)(6) designee may testify consistently with the its objections to the Subject Topics. For the convenience of the Court a proposed order is attached hereto.

By its Attorneys
Fee, Rosse & Lanz, P.C.

By: _____
Michael C. Fee, Esq. (BBO NO. 552796)
Mark S. Resnick, Esq. (BBO NO. 559885)
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776
(978) 440-7000

Counsel:

John M. Teitler
Teitler & Teitler
1114 Avenue of the Americas
New York, NY 10036
Tel. (212) 997-4400

May 16, 2005

## CERTIFICATE OF SERVICE

I, Mark S. Resnick, hereby certify that on May 16, 2005, a copy of this pleading was served upon the Defendant, by telecopier and by first class mail, postage pre-paid, to Lee Gesmer, Esq., Gesmer Updegrove LLC, 40 Broad Street, Boston, MA 02109.

_____

### Local Rules 7.1 and 37.1 Certificate of Compliance

Counsel for M2 Consulting, Inc. hereby certifies that, on ~~March~~ MAY 13, 2005, pursuant to Rule 7.1(A)(2) of the Local Rules, he (1) has conferred with counsel for M2 Consulting, Inc. regarding the attached Motion, and (2) has attempted in good faith to resolve or narrow the issues presented.

_____