# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M2 CONSULTING, INC. <br><br> Plaintiff, <br><br> v. <br><br> MRO SOFTWARE, INC. <br><br> Defendant. | C.A. No. 03-12589-GAO |

**NOTICE OF DEPOSITION OF
PLAINTIFF M2 CONSULTING, INC.**

To: Michael C. Fee, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30 (b)(6), counsel for Defendant MRO Software, Inc., will take the deposition upon oral examination of plaintiff M2 Consulting, Inc., by the person or persons most knowledgeable with respect to the matters set forth in Schedule A hereof, on May 10, 2005, at the offices of Gesmer Updegrove LLP, 40 Broad Street, Boston, MA 02109, before an officer authorized by law to administer oaths. The deposition will continue from day to day thereafter until completed.

You are invited to attend.



MRD SOFTWARE, INC.,

By its attorneys,

Lee T. Gesmer (BBO No. 190260)
Joseph J. Laferrera (BBO No. 564572)
Kurt Bratten (BBO No 644730)
Gesmer Updegrove LLP
40 Broad Street
Boston, MA 02109
(617) 350-6800

Dated: April 28, 2005

## Certificate of Service

I hereby certify that on the 28th day of April 2005 a true copy of the foregoing document was served by facsimile and first class mail upon Michael C. Fee, Fee, Rosse & Lanz, P.C., 321 Boston Post Road, Sudbury, MA 01776, attorney for plaintiff M2 Consulting, Inc.

Kurt E. Bratten

## SCHEDULE A

### Definitions

1. As used herein, the terms "M2" means plaintiff M2 Consulting, Inc., and its officers, directors, employees, agents, attorneys, representatives, partners, subsidiaries, affiliates, groups, divisions, related companies, and any other person acting on its behalf or under its control.

2. As used herein, "MRO" means defendant MRO Software, Inc., its officers, directors, employees, agents, attorneys, representatives, partners, subsidiaries, affiliates, groups, divisions, related companies, and any other person acting on its behalf.

3. As used herein, "Action" shall mean the instant action, *M2 Consulting, Inc. v. MRO Software, Inc.*, Civil Action No. 03-12589-GAO.

4. As used herein, "Computer Equipment" shall mean any computer, workstation, server, tape drive, hard drive, optical drive, or any other device that stores or processes data by electronic, electromagnetic or optical means. "M2 Computer Equipment" shall mean Computer Equipment owned, leased, operated, or controlled by M2, or which is in its possession or custody or under M2's control, or which is in the possession, custody or control of a third party acting on M2's behalf, or which is in the possession, custody or control of a co-location data center partner (for example, AT&T).

5. As used herein, "Software" shall mean a computer program or application and all components thereof, including without limitation, its source code, object code, interpreted code, and documentation, whether or not installed on Computer Equipment and whether or not capable of being executed alone or in combination with other software.

6. As used herein, "Hosting" Software shall mean making such Software available for execution and/or operation by a third party over the Internet or other network.

7. As used herein, "MAXIMO" shall mean the Software which is the subject of this Action, including without limitation MAXIMO 5.2, and all preceding and subsequent versions thereof.

### Subject Matters

1. The physical location of all copies of MAXIMO in the possession, custody or control of M2.

2. The identification of all M2 Computer Equipment on which MAXIMO, or any component file or other part thereof, is stored or has been stored.

3. The installation or implementation of MAXIMO on M2 Computer Equipment, and the copying or duplication of MAXIMO, including any component file or other part thereof, by M2.

4. Alteration of MAXIMO, including any component file or other part thereof, by M2.

5. The operation of MAXIMO on M2 Computer Equipment, including the configuration thereof.

# EXHIBIT B

321 BOSTON POST ROAD
SUDBURY, MA 01776
978.440.7000
FAX: 978.440.7650
www.feelaw.com

# FEE, ROSSE & LANZ, P.C.
*Attorneys at Law*

MARK S. RESNICK (*mresnick@feelaw.com*)

May 13, 2005

BY FAX

Kurt Bratten, Esq.
Gesmer Updegrove, LLP
40 Broad Street
Boston, MA
02109

      Re: *M2 Consulting, Inc. v. MRO Software, Inc.*, United States District Court, District of Massachusetts, Civil Action No. 03-12589-GAO

Dear Kurt,

      Please be advised that M2 is in receipt of your Notice of Deposition of M2 pursuant to Rule 30(b)(6), dated April 28, 2005. As you know, M2 has agreed to produce a designee for this deposition, on May 17th. As that designee has prepared to provide the requested testimony, it has become apparent that the information and testimony sought in at least a potion of Topic 5 in the attached "Subject Matters" section of the Notice is highly confidential and proprietary. It is unclear what exactly MRO seeks in connection with this topic, and M2 cannot determine whether the last phrase of that topic refers to MAXIMO on M2's equipment, or to M2's entire IT system. MRO is happy to provide testimony regarding the configuration of MAXIMO on its equipment. It cannot provide testimony regarding the "configuration" of its entire IT system. That information is both highly proprietary to M2, confidential, and of questionable relevancy in this case. M2 therefore objects to Topic 5, to the extent that it purports to seek testimony and information regarding the configuration of M2's IT system, or any portions thereof.

      M2 cannot provide this testimony in the absence of an Order that prohibits its improper use by your client. Under the circumstances and in light of M2's pending Motion for Sanctions arising from MRO's abuse of this type of information earlier in this case, M2 will not provide this testimony on that topic on May 17th. M2 is willing to revisit this issue following the court's resolution of its Motion for Sanctions, insofar as any order entered as a result of this Motion might alleviate M2's concerns. At that point, if necessary, M2 will produce a designee on that portion of Topic 5 at a later time. If MRO plans to insist upon this testimony on the 17th, M2 will file a motion for protective order. If I am forced to move for a protective order, I will be compelled to point out to the court that the only reason it was necessary was MRO's unwillingness to await resolution of the confidentiality issues presented in the Motion for Sanctions.

FEE, ROSSE & LANZ, P.C.

Kurt Bratten, Esq.
May 13, 2005
Page 2

      I need to hear from you by noon Monday, one way or the other. If I do not, I will assume that M2 need not move for a protective order on this issue, and that we will hold testimony on the subject portion of Topic 5 in abeyance until after the hearing on May 20th. If you have any questions, please do not hesitate top contact me.

Very truly yours,

Mark S. Resnick

MSR:mas

# EXHIBIT C



*Attorneys at Law*

Joseph J. Laferrera
*joe.laferrera@gesmer.com*

May 16, 2005

**BY FACSIMILE (508) 749-6031 AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

      Re:    *M2 Consulting, Inc. v. MRO Software, Inc.*, Civil Action No. 03-12589-GAO (D. Mass.)

Dear Mark:

    I am writing in response to the letter you sent to Kurt Bratten on Friday regarding the topics of inquiry at tomorrow's Rule 30(b)(6) deposition of Jeffrey Foley. The Friday afternoon before a Tuesday deposition is not the optimal time to raise the type of issue mentioned in your letter, particularly since the deposition notice ("Notice") was served on April 28 – more than two weeks ago. However, I am hopeful that I can ameliorate any concerns you have in this letter.

    Without in any way constraining the topics listed in the Notice, let me state the obvious: the deposition as a whole is fundamentally concerned with MAXIMO, and the way in which it is stored, used, configured, maintained, and otherwise made available by M2. To the extent this confirms your own understanding regarding the scope of the deposition, it should obviate any perceived need on your part to seek a protective order from the Court.

    Having said that, there should be no misunderstanding that questions during the deposition will necessarily be limited exclusively to questions about MAXIMO. For example, to address Topic 5 specifically, a general inquiry into the layout of M2's Computer Equipment (as defined in the Notice) may be necessary to more fully assess the way in which MAXIMO is implemented and hosted by M2. While I find it unlikely that such questions would require the disclosure of confidential information by M2's designee, there is a confidentiality stipulation entered in this case to address that possibility, and it shall be respected.

Mark Resnick, Esq.
May 16, 2005
Page 2

    I will be in Court from about 2:30 until the end of business. If you wish to discuss this further, please call me before then. In any event, I will expect you and your client at our offices tomorrow morning at 10:00 a.m.

Very truly yours,

Joseph J. Laferrera

# EXHIBIT D

321 BOSTON POST ROAD
SUDBURY, MA 01776
978.440.7000
FAX: 978.440.7650
www.*feelaw*.com

# FEE, ROSSE & LANZ, P.C.

*Attorneys at Law*

MARK S. RESNICK (*mresnick@feelaw.com*)

May 16, 2005

BY FAX

Joseph J. Laferrera, Esq.
Gesmer Updegrove, LLP
40 Broad Street
Boston, MA
02109

Re: *M2 Consulting, Inc. v. MRO Software, Inc.*, United States District Court, District of Massachusetts, Civil Action No. 03-12589-GAO

Dear Joe,

Thank you for your letter of today's date. I am not sure that your letter clarifies the issue to any material degree. In the first sentence of paragraph 3 you state "there should be no misunderstanding that questions during the deposition will necessarily be limited exclusively to questions about Maximo", but in the next sentence you provide an example which contradicts that statement. Nevertheless, I understand your letter to mean that MRO will not agree to confine its inquiry exclusively to Maximo and related configuration issues, and that it is possible in your view that your inquiry will include questions which require M2 to disclose confidential or proprietary information.

As I am sure you can appreciate, we take no comfort in your opinion as to the extent to which your questions my require disclosure of M2's confidential information, nor do we credit your assurance that the confidentiality stipulation will be respected. The confidentiality stipulation was in effect the last time your client misused M2's confidential and proprietary information which it provided in discovery, and absent some level of more robust protection, M2 cannot rely on those assurances.

Your client's position leaves me no choice but to seek a protective order on this issue. I will provide you with relevant copies of the papers as soon as they are filed. I will produce my designee for the scheduled deposition, but I will not permit him to testify about any questions which might require disclosure of M2's proprietary or confidential information regarding the configuration of its information technology systems.

If you have any questions, please do not visit to contact me.

FEE, ROSSE & LANZ, P.C.

Joe Laferrera, Esq.
May 16, 2005
Page 2

Very truly yours,

Mark S. Resnick

MSR:mas