UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M2 CONSULTING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 03-12589-GAO |
| | ) |
| MRO SOFTWARE, INC., | ) |
| | ) |
| Defendant. | ) |

### AFFIDAVIT OF MARK S. RESNICK

I, Mark S. Resnick, do hereby depose and state as follows:

1. I am an attorney and a member in good standing of the bar of the Supreme Judicial Court of the Commonwealth of Massachusetts, BBO # 559885.

2. I am a Partner in the firm of Fee, Rosse & Lanz, P.C., and counsel to the Plaintiffs in the above-captioned action.

3. I have personal knowledge of the facts set forth herein, or have learned these facts through the discharge of my responsibilities as a partner in the firm.

4. On May 13, 2005, I wrote to MRO's counsel to address both M2's difficulty interpreting Topic Five listed in the "Subject Matters" section of MRO's Rule 30(b)(6) Notice of Deposition to M2 dated April 28, 2005 ("Topic Five"), and its concerns relative to providing testimony on that topic prior to resolution of M2's Motion for Sanctions.

5. Later that day, I discussed this issue by telephone with Attorney Laferrera, MRO's counsel. In that conversation, I informed him that M2 could not, under the

circumstances, provide testimony regarding the configuration of its entire information technology system (the "Subject Topics"). I also informed him that M2 would provide testimony regarding the operation of Maximo on M2's computer equipment, and the configuration *of that equipment.* I requested that MRO's counsel clarify the meaning of the last phrase of Topic Five, and that in the event that MRO's counsel interpreted the last phrase of that topic to mean the configuration of M2's entire information technology system, that the parties agree to defer any testimony by M2's designee on that topic until after the court had resolved M2's pending Motion for Sanctions. Attorney Laferrera stated that he could not either inform me at that time as to MRO's position regarding the meaning of the second phrase of Topic Five, nor could he commit to any agreement regarding deferral of that testimony. The parties agreed to speak again by telephone on Monday, May 16, 2005.

6. On May 16, 2005, I called Attorney Laferrera to inquire as to whether MRO would agree to defer the Subject Topics, as I had suggested on May 13th. I left a voice mail message, and received a call from Mr. Laferrera's assistant informing me that I would receive a fax on this subject shortly. I did in fact receive such a fax from Attorney Laferrera, indicating that MRO would not agree. I responded in writing to Attorney Laferrera the same day.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 16TH DAY OF MAY, 2005.

Mark S. Resnick

## CERTIFICATE OF SERVICE

    I, Mark S. Resnick, Esq., hereby certify that I have on the 16th day of May, 2005, served, by fax and first class mail, a copy of the foregoing document upon:

Lee Gesmer, Esquire
Gesmer Updegrove LLP
40 Broad Street
Boston, MA 02109 - 4310