UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M2 CONSULTING, INC.<br><br>                Plaintiff,<br><br>v.<br><br>MRO SOFTWARE, INC.<br><br>                Defendant. | C.A. No. 03-12589-GAO |

**MRO SOFTWARE, INC.'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES AND DOCUMENT REQUESTS, AND FOR SANCTIONS**

Pursuant to Fed.R.Civ.P. 26(b) and Local Rule 26.1(C), MRO Software, Inc. ("MRO") respectfully moves for leave to serve additional Interrogatories and Requests for the Production of Documents ("Document Requests") concerning MRO's amended claims for false advertising and trademark and copyright infringement. MRO seeks sanctions, which are expressly provided for in Local Rule 37.1(A), based on M2 Consulting, Inc.'s ("M2") refusal to confer, or even respond to MRO's written request for a Local Rule 7.1 conference regarding this Motion.

**MRO's Additional Interrogatories and Document Requests**

In December 2003, M2 filed this action and brought claims against MRO for promissory estoppel, unjust enrichment, violation of M.G.L. ch. 93A and fraud. In 2004, MRO served its First Set of Document Requests and Interrogatories (25 in number) concerning allegations raised in M2's initial Complaint. On January 19, 2005, M2 amended its Complaint and considerably expanded its legal and factual claims against MRO. On March 8, 2005, MRO served its Second Set of Document Requests and Interrogatories (19 in number) pertaining to M2's amended

allegations.[1] On April 22, 2005, MRO filed its Verified First Amended Counterclaim (the "Verified Amended Counterclaim"), which sets forth substantial new legal and factual allegations against M2, including claims for trademark and copyright infringement, false advertising and unfair competition and trade practices.

MRO's action against M2 has undergone major changes and MRO should be allowed to propound written discovery regarding its new claims. MRO seeks leave to serve additional Interrogatories (10 in number) and Document Requests (10 in number) (collectively, "Additional Discovery Requests") concerning its claims for trademark and copyright infringement, false advertising and unfair competition and trade practices. All of MRO's prior written discovery requests were prepared and served before it amended its counterclaims against M2.[2] Accordingly, M2 has served no written discovery in support of its new counterclaims for trademark and copyright infringement, false advertising and unfair competition and trade practices. MRO's Additional Discovery Requests will be limited to information and documents regarding these new claims and are necessary for MRO to prepare its case against M2.

### Request For Sanctions

M2 has established a pattern of noncompliance with the Local Rules of this Court concerning discovery conferences. As set forth in MRO's Oppositions to M2's "Emergency Motion to Enjoin MRO's Misuse of Information Produced in Discovery, for Default Judgement [sic], Costs and Sanctions" and its Motion to Compel, M2 has failed to hold adequate discovery

---

[1] After obtaining leave of Court to re-serve M2 with its Second Set of Interrogatories, MRO did so on June 7, 2005 because M2 initially refused to respond citing the 25-interrogatory limit on each party under Local Rule 26.1(c).

[2] As set forth in MRO's Motion to Amend Counterclaim [Docket Entry No. 19], MRO could not amend its counterclaims sooner because M2 produced over 40,000 e-mails in electronic format in late November 2004. It required significant time and effort for MRO to complete its review of this material prior to filing its Motion to Amend Counterclaim in March 2005.

conferences under Local Rule 7.1 on more than one occasion. (MRO's Opposition to Emergency Motion [Docket Entry No. 48], pp. 15-20; MRO's Opposition to Motion to Compel [Docket Entry No. 40], p. 12). Now, M2 has refused to even respond to MRO's request for a discovery conference concerning this Motion. Local Rule 37.1(A) states, "[f]ailure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion." On June 2, 2005, counsel to MRO sent M2's counsel a letter requesting a conference under Local Rule 7.1 regarding several matters, including but not limited to those raised herein. A copy of the June 2, 2005 letter is attached at Tab A. M2's counsel has not responded to this letter and has made no effort to confer with MRO. Notwithstanding its earlier violations of Local Rule 7.1, this violation is particularly egregious since it seemingly shows that M2 has recently taken the position that it need not even respond to MRO's requests for Local Rule 7.1 conferences.[3] M2's continued willingness to flout the rules of this Court should not be tolerated, and failure to sanction M2 will amount to an endorsement of its malfeasance. Accordingly, the Court should sanction M2 by "automatic allowance" of this Motion (without opposition), and awarding MRO its reasonable attorney's fees in preparing this Motion.

## Conclusion

For the foregoing reasons, the Court should grant MRO leave to serve the Additional Discovery Requests in the form described herein, and award MRO its reasonable attorney's fees in preparing this Motion or such other amount the Court finds appropriate.

---

[3] In a similar violation, on May 12, 2005, MRO's counsel sent M2's counsel a letter requesting a Local Rule 7.1 conference regarding several unrelated matters. A copy of the May 12, 2005 letter is attached at Tab A. M2 failed to respond to this request within 7 days as required by Local Rule 37.1(A).

        MRO SOFTWARE, INC.

        By its attorneys,

        /s/ Kurt Bratten
        Lee T. Gesmer (BBO No. 190260)
        Kurt Bratten (BBO No. 644730)
        Gesmer Updegrove LLP
        40 Broad Street
        Boston, MA 02109
        Kurt.Bratten@gesmer.com
        (617) 350-6800

Dated: June 13, 2005

## Local Rule 7.1 Certificate of Compliance

    Counsel for MRO Software, Inc. hereby certifies that as set forth above, pursuant to Rules 7.1(A)(2) and 37.1 of the Local Federal Rules of Civil Procedure, he has complied with his obligations by making a good faith effort to confer with counsel for the Plaintiff regarding the attached Motion for the purpose of attempting, in good faith, to resolve or narrow the issues presented.

        /s/ Kurt Bratten
        Kurt Bratten