

**GESMER UPDEGROVE LLP**

*Attorneys at Law*

Kurt Bratten
*kurt.bratten@gesmer.com*

June 2, 2005

**VIA FACSIMILE (508) 749-6031**
**AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

Re:  *M2 Consulting, Inc. v. MRO Software, Inc.*
U.S. District Court C.A. No. 03-12589-GAO

Dear Mark:

As promised in my letter dated June 1, 2005, below is a list of the M2 Consulting, Inc. ("M2") personnel that MRO Software, Inc. ("MRO") intends to depose:

1. Steve Platt
2. Tony Prelec
3. Tom Shulte
4. Dave Bigler
5. Thayer Stewart
6. Jeff Foley
7. Rick Bevington

The above witnesses are listed based on the order in which MRO plans to take these depositions. Please provide the availability of the above-named witnesses (either in Boston or in Georgia) as MRO would like to schedule and begin taking these depositions as soon as possible.

In addition, I would like to schedule and hold a Local Rule 7.1 conference with respect to the following matters:

a) MRO's intent to serve additional written discovery in the form of Interrogatories and Document Requests concerning the parties' amended allegations, and to file a motion requesting leave of court if M2 will not agree to this discovery; and

b) MRO's intent to seek a preliminary injunction that would enjoin M2 from marketing, offering, promoting or supplying MAXIMO in any way (including via M2's web site), and require it to purge all copies of MAXIMO created after the November 23, 2003 termination date of the 2002 Hosting Agreement, except to the extent that a copy was made to provide services to an existing customer as of the termination date.

Mark Resnick, Esq.
June 2, 2005
Page 2

With respect to item (b), please note that this is a general summary of the relief sought by MRO for purposes of discussion and narrowing the issues as required by Local Rule 7.1. If the parties cannot agree on these points, MRO will file a Motion for a Preliminary Injunction and seek this relief from the Court. I am available all day Friday (June 3rd) and Monday (June 6th) for a conference regarding these matters.

Very truly yours,

Kurt Bratten



*Attorneys at Law*

Kurt Bratten
kurt.bratten@gesmer.com

May 12, 2005

**VIA FACSIMILE (508) 749-6031**
**AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

Re: *M2 Consulting, Inc. v. MRO Software, Inc.*
     U.S. District Court C.A. No. 03-12589-GAO

Dear Mark:

I write concerning several discovery matters that should be addressed prior to the May 20, 2005 hearing. First, as requested in Attorney Fee's letter of May 4, 2005, on May 5, 2005, I sent a proposed Order to your office (via e-mail and hard copy) which my client, MRO Software, Inc. ("MRO") is prepared to sign and jointly submit to the Court for approval. To date, I have received no response. Please contact me if you would like to discuss the proposed Order, so that this matter can be addressed prior to the May 20, 2005 hearing.

At the April 26, 2005 hearing, Magistrate Judge Bowler requested that the parties come prepared with proposed modifications to the discovery schedule and lists of anticipated deponents. MRO proposes that all discovery deadlines under the existing schedule be extended by two months. Accordingly, under MRO's proposal, the existing deadline of June 30, 2005 for the completion of fact discovery would be extended to August 31, 2005, and all other discovery deadlines would be extended in similar fashion. This proposed schedule should provide both parties with ample opportunity to complete fact discovery. In addition, I propose that the parties exchange lists of anticipated deponents in advance of the May 20, 2005 hearing. This will allow the parties to jointly submit these lists to the Court, and meaningfully discuss the discovery schedule and raise any issues with respect to potential deponents during the hearing May 20, 2005. Please let me know if these proposals are agreeable to M2 Consulting, Inc. ("M2").

MRO has made repeated requests that M2 provide it with relevant documents concerning its hosting customers, including all executed copies of customer hosting agreements. As detailed in my letters of April 28 and May 4, 2005, this includes but is not limited to the Hyatt Regency Huntington Beach Resort and Spa ("Hyatt") and Brooks Range customer contracts. As described in detail in MRO's Verified First Amended Counterclaim, materials provided by M2 in discovery clearly show that it has entered into agreements with the above customers. In a letter dated May 4, 2005, Attorney Fee stated that he forwarded my letter to your client and "asked for

40 Broad Street, Boston, MA 02109 ♦ Tel: 617.350.6800 ♦ Fax: 617.350.6878 ♦ www.gesmer.com

Mark Resnick, Esq.
May 12, 2005
Page 2

a response regarding the existence of "executed copies of numerous important customer agreements." Aside from the fact that these documents should have been produced by M2 long ago, it should not take much time at all to confirm the existence of customer contracts so plainly critical to this case and which M2 has had notice of for months. Further, M2 has offered no basis for this unreasonable delay. As previously stated, if you believe that M2 has produced these documents already, you should identify the production document numbers. If M2 has executed copies of these customer contracts, it is obligated to produce them in response to MRO's document requests. If M2 is unwilling to promptly produce these documents to MRO, please indicate that so this matter can finally be resolved via a Local Rule 7.1 conference between counsel and a motion to the Court, should that be necessary.

To date, M2 has failed to comply with the Court's March 23, 2005 Order with respect to its supplemental responses to MRO's First Set of Interrogatories. Despite my requests for an anticipated compliance date from M2, seven weeks have passed since the Court's Order was entered and M2 has offered no information concerning its anticipated completion of its Court ordered Interrogatory Responses. In addition, on March 31, 2005, MRO's Revised Interrogatories Nos. 13, 15 and 21 ("MRO's Revised Interrogatories") were served on M2. The requisite 30-day response period has elapsed and M2's responses are now more than 7 days late. M2 must immediately provide its Interrogatory Responses in full compliance with the March 23, 2005 Order and in response to MRO's Revised Interrogatories. If M2 is unwilling to do so, I request that we schedule and hold a Local Rule 7.1 and 37.1 conference between counsel as soon as possible.

I have written to you several times proposing that the parties exchange privilege logs on or before May 15, 2005, however, you have yet to confirm M2's agreement to this proposed exchange date. Please let me know if this date is acceptable to your client.

I have made several written requests, including my letter dated April 13, 2005, concerning M2's April 12, 2005 production of documents (bates numbers 001-S through 0486-S). I need to know whether this is your client's entire document production in response to MRO's Second Set of Document Requests. If M2's production of documents in response to MRO's Second Set of Requests is not yet complete, please indicate when it will be.

The matters set forth in this letter are important. In advance of the upcoming hearing, MRO is making every effort to address and, to the extent possible, resolve any disagreements between the parties and other issues that will be the subject of the May 20, 2005 hearing. It is MRO's expectation that M2 will do the same.

Very truly yours,

Kurt Bratten