321 BOSTON POST ROAD
SUDBURY, MA 01776
978.440.7000
FAX: 978.440.7650
www.feelaw.com

# FEE, ROSSE & LANZ, P.C.

*Attorneys at Law*

MARK S. RESNICK (mresnick@feelaw.com)

June 6, 2005

BY FAX

Kurt Bratten, Esq.
Gesmer Updegrove, LLP
40 Broad Street
Boston, MA
02109

Re: *M2 Consulting, Inc. v. MRO Software, Inc.*, United States District Court, District of Massachusetts, Civil Action No. 03-12589-GAO

Dear Kurt,

    Thank you for your letter of June 1, 2005. With respect to MRO's position that a supplemental answer to Interrogatory number one is required, please note that Milton Bevington was an MRO employee, and that M2's original response specifically lists people with knowledge other then MRO's personnel. It is therefore M2's position that no supplemental response to interrogatory number one is required.

    With respect to your position that Magistrate Bowler made some type of "order in open court" on May 27, which required M2 to provide answers to *all* outstanding interrogatories served by MRO by June 3, I respectfully disagree. It is my recollection that Magistrate Bowler instructed M2 to supply its supplemental interrogatory answers by June 3, along with anything else required pursuant to the court's order at the March 23 hearing. M2 has complied with that deadline. It has produced and served MRO with detailed supplemental interrogatory responses, copies of documents which MRO claimed not to be able to find, and the current residential address of Milton Bevington. MRO's revised interrogatories, which are narrowed versions of MRO's original interrogatories, were not subject to that order, because they were not outstanding on March 23rd. Nonetheless M2's supplemental responses include a response to revised Interrogatory No. 13. M2 is in the process of preparing its responses to the two remaining revised interrogatories, and will serve those responses shortly.

    Your statements regarding signed Hyatt and Brooks Range agreements assume that signed versions of those documents exist, notwithstanding the fact that I specifically informed Lee Gesmer after the hearing on May 27 that we did not believe that they did.

FEE, ROSSE & LANZ, P.C.

Kurt Bratten, Esq.
June 6, 2005
Page 2

Please be advised that M2 has been unable to locate signed copies of these agreements, that it is continuing its search, and in the event that it locates signed copies of these materials, they will be promptly produced. With respect to M2's document production on April 12, 2005, please be advised that M2 believes that production to be complete. In the event it locates any additional documents which might be responsive to these requests and are non privileged, M2 will produce those materials promptly.

    I am in the process of checking with my client regarding location of the depositions of M2 personnel and will let you know on the location issue by the end of the week. I am available to conduct Ted Williams deposition June 22 of June 29. Please advise as to whether that deposition can be scheduled within that date range.

Very truly yours,

Mark S. Resnick

MSR:mas