UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| M2 CONSULTING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 03-12589-GAO |
| ) | |
| MRO SOFTWARE, INC., ) | |
| ) | |
| Defendant. ) | |

AFFIDAVIT OF MARK S. RESNICK

I, Mark S. Resnick, do hereby depose and state as follows:

1. I am an attorney and a member in good standing of the bar of the Supreme Judicial Court of the Commonwealth of Massachusetts, BBO # 559885.

2. I am a Partner in the firm of Fee, Rosse & Lanz, P.C., and counsel to the Plaintiffs in the above-captioned action.

3. I have personal knowledge of the facts set forth herein, or have learned these facts through the discharge of my responsibilities as a partner in the firm.

4. On June 2, 2005, I received a letter from Kurt Bratten, counsel for MRO. That letter requested that I respond to Mr. Bratten regarding the availability of deposition witnesses, and requested a Rule 7.1 discovery conference on a variety of outstanding discovery issues. The letter suggested that Mr. Bratten would be available June 3rd or June 6th to confer regarding the contents of the letter.

5. I was unavailable to conduct discovery conference either telephonically or in person on June 3 or June 6, the two dates suggested by Mr. Bratten in his letter. I was

however able to communicate with Mr. Bratten regarding the contents of his letter on June 6 by e-mail. On that date, Mr. Bratton sent me an e-mail setting forth a list of M2 personnel which MRO wished to depose, the same list contained in his June 2 letter. I responded to Mr. Bratten by requesting clarification on one of the designees, and Mr. Bratten clarified that designation. Because we were discussing the contents of his June 2 letter in what I assumed to be their relative order of importance to MRO, I interpreted Mr. Bratten's silence on the Rule 7.1 scheduling conference to indicate that the scheduling of this conference was less important than the deposition scheduling issues which we were discussing, and that Mr. Bratten would provide additional dates and times within the seven-day period in which he would be available.

6. Although we were communicating by e-mail, at no time during this e-mail communication on June 6th did Mr. Bratten attempt resolve the scheduling of the requested Rule 7.1 conference. He did not ask me whether we could proceed with the conference on that date. He did not ask me if we could schedule the conference at another day with in the seven-day period provided in Rule 37.1, and he did not indicate that he would seek sanctions for failure to convene a conference within the seven-day period the forth in that Rule. In fact, he made no reference whatsoever to the fact that the discovery conference had not occurred, to the fact that we were communicating by e-mail on one of the dates he suggested for the conference, nor did he at any time refer to any alternate availability.

7. When the seven day period set forth in Rule 37.1 elapsed and I had not heard from Mr. Bratten regarding the scheduling of the requested conference, I assumed his

silence was the result of his own scheduling difficulties, and waited to hear from him regarding alternate dates when he would be available to conduct the conference.

8. Because I fully expected that Mr. Bratten would discuss the scheduling of this conference with me in the context of our ongoing communications on discovery issues within a day or two, I did not address the matter further.

9. Between June 2nd and June 15th, substantial discovery activity occurred in this action. M2 provided responses to revised interrogatories served by MRO, and provided supplemental responses to other MRO interrogatories. Deposition scheduling issues were discussed. M2 prepare to take the deposition of a non-party witness, and addressed continuing deficiencies in MRO's document production. I wrote to MRO's counsel on a variety of issues associated with these discovery events on June 3, June 6, June 13, June 15 and June 27, 2005, and corresponded with MRO's counsel by email on June 8, June 16, June 21, and June 23, 2005.

10. I was surprised when I learned that rather than make any meaningful attempt to actually schedule the Rule 7.1 conference requested by Mr. Bratten in his June 2nd letter, MRO had elected instead to file a motion for leave to serve additional written discovery, discovery, and for sanctions, premised on M2's alleged failure to convene the conference. It was not possible for M2 to convene the conference within the seven-day time period provided in rule 37.1, because MRO's counsel did not provide alternate gates or times after June 6th in which to conduct it. Had they done so, it is my belief that the conference would have occurred within the seven day period referenced in Rule 7.1.

3

11. On June 27th, 2005, following the filing of MRO's Motion for leave to conduct additional discovery and for sanctions, I wrote to MRO's counsel in response to yet another request for a rule 7.1 conference, and offered to conduct the conference requested by Mr. Bratten in his letter of June 2, 2005 at the same time.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 27TH DAY OF JUNE, 2005.

_____
Mark S. Resnick

## CERTIFICATE OF SERVICE

I, Mark S. Resnick, Esq., hereby certify that I have on the 27th day of June, 2005, served, by fax and first class mail, a copy of the foregoing document upon:

Lee Gesmer, Esquire
Gesmer Updegrove LLP
40 Broad Street
Boston, MA  02109 - 4310

_____