UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M2 CONSULTING, INC.<br><br>    Plaintiff,<br><br>v.<br><br>MRO SOFTWARE, INC.<br><br>    Defendant. | C.A. No. 03-12589-GAO |

**MRO SOFTWARE, INC.'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES AND
DOCUMENT REQUESTS, AND FOR SANCTIONS**

Defendant/Plaintiff-in-Counterclaim MRO Software, Inc. ("MRO") submits this Reply Memorandum in support of its Motion for Leave to Serve Additional Interrogatories and Document Requests, and for Sanctions ("Motion"), and in Response to M2 Consulting, Inc.'s ("M2") Opposition thereto ("Opposition").

M2's Opposition makes a number of blatantly false and misleading statements in order to create a false impression of MRO and its Motion. First, M2 makes the wholly unsupported and absurd assertion that MRO's Motion amounts to "an abuse of the discovery process" and constitutes "a calculated attempt to intimidate [M2]". (Opposition, pp. 1, 2). As grounds for this claim, M2 states that "MRO has filed seven discovery related motions" and that MRO "has already filed, and lost, several motions to compel in this case." (Opposition, pp. 2, 3). Though it is true that MRO has filed seven discovery related motions, this is due to the fact that M2, having sued MRO for $8 million, has refused to provide adequate discovery in this case. Every discovery motion brought by MRO and ruled on by the Court has been allowed, at least in part. M2's

assertion that MRO's legitimate attempts to understand the basis of M2's broad claims is discovery abuse should be rejected outright.

M2's Opposition also makes the misleading claim that "[t]he MRO amended claims essentially re-style its existing claims under federal copyright statutes." (Opposition, pp. 3-4). MRO's original Counterclaim was one for breach of contract. Its Verified First Amended Counterclaim includes amended claims (the "Amended Claims") for trademark and copyright infringement, false advertising and unfair competition and trade practices. As opposed to its original breach count, MRO's Amended Claims are based on completely different facts which include M2's illegal copying of MRO's software, its unlawful use of MRO's trademarks and M2's false advertising concerning MRO's authorization and/or certification of M2 and its activities. For M2 to represent to the Court that MRO's Amended Claims, which are predominantly statutory causes of action, are re-styled breach of contract claims is both plainly false and highly disingenuous.

M2's Opposition makes further misleading representations in its attempt to mask its counsel's unequivocal admission that he is in violation of Local Rule 37.1. M2's Opposition claims that MRO was "clearly looking for an opportunity to move for sanctions against M2's counsel" and that "MRO's counsel failed to make good faith reasonable efforts to schedule the conference as required by Rule 7.1." (Opposition, p. 9). M2's Opposition manipulates and stretches the facts to create the appearance that because M2's counsel wrote emails and letters to MRO addressing entirely unrelated discovery matters, this somehow relieved M2 of its obligation to respond to MRO's request for a discovery conference within 7 days. The Affidavit of Mark Resnick

establishes that, for several weeks, M2's counsel did not respond to MRO's request for a Local Rule 7.1 conference or either of the two issues about which MRO wanted to confer. (Affidavit of Mark Resnick, pars. 4, 7-11; Motion, Tab A). Accordingly, there can be no question that M2 is in violation of Local Rule 37.1.

For the reasons set forth above and those provided in MRO's Motion for Leave to Serve Additional Interrogatories and Document Requests, and for Sanctions, the Court should grant the requested relief and award MRO its reasonable attorney's fees in preparing this Motion or such other amount the Court finds appropriate.

        MRO SOFTWARE, INC.

        By its attorneys,

        /s/ Kurt Bratten
        Lee T. Gesmer (BBO No. 190260)
        Kurt Bratten (BBO No. 644730)
        Gesmer Updegrove LLP
        40 Broad Street
        Boston, MA 02109
        Kurt.Bratten@gesmer.com
        (617) 350-6800

Dated: July 5, 2005