UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M2 CONSULTING, INC., | ) |
|             Plaintiff, | ) |
| v. | ) Civil Action No. 03-12589-GAO |
| MRO SOFTWARE, INC., | ) |
|             Defendant. | ) |

## AFFIDAVIT OF MARK S. RESNICK

I, Mark S. Resnick, do hereby depose and state as follows:

1. I am an attorney and a member in good standing of the bar of the Supreme Judicial Court of the Commonwealth of Massachusetts, BBO # 559885.

2. I am a Partner in the firm of Fee, Rosse & Lanz, P.C., and counsel to the Plaintiffs in the above-captioned action.

3. I have personal knowledge of the facts set forth herein, or have learned these facts through the discharge of my responsibilities as a partner in the firm.

4. On December 7, 2005, I had a conference call with Attorney Gesmer, counsel to MRO, to discuss MRO's intention to file a motion for preliminary injunction to enjoin alleged copyright infringement by M2. During that telephone conversation, uninformed Mr. Gesmer that M2 continued to dispute, as it always had, the validity of the 2002 Agreement, and that this dispute made the issue of which agreement was the controlling an operational agreement between the parties one of the central issues in the case. I also informed Attorney Gesmer that the injunctive relief that MRO

intended to seek work, if granted, destroy M2's business, by depriving it of cash flow critical for the maintenance of its operations. I informed Attorney Gesmer that M2 would continue to provide Maximo hosting services only for the customers it was servicing at the time MRO terminated its relationship with M2, customers which M2 had identified during the depositions of various M2 witnesses.

5. During this telephone conversation, I also informed Attorney Gesmer that M2 was still willing to enter into a voluntary preliminary injunction identical to the one which the parties had considered in the fall of 2005 - where M2 would agree not to provide Maximo hosting services for any new Maximo customers, as it had been doing since the termination of the relationship, and where would agree not to engage in any conduct which would in any way negatively impact MRO or the perception of the Maximo product in the marketplace. MRO had ultimately taken the position in those earlier discussions that it was not interested in this voluntary injunction because it believed it could prohibit M2 from using Maximo entirely by invoking its rights under the 2002 Agreement. Attorney Gesmer indicated that MRO did not believe under the circumstances that it would be worthwhile for the parties to discuss this voluntary injunctive relief option.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 13TH DAY OF JANUARY, 2006.

Mark S. Resnick

CERTIFICATE OF SERVICE

I, Mark S. Resnick, Esq., hereby certify that I have on the 13th day of January, 2006, served, by fax and first class mail, a copy of the foregoing document upon:

Lee Gesmer, Esquire
Gesmer Updegrove LLP
40 Broad Street
Boston, MA  02109 - 4310