**Lee Gesmer**
02/09/2006 11:08 AM

To: mresnick@feelaw.com
cc: Kurt Bratten/LGU-Boston@LGU-Boston
Subject: MRO/M2

Mark -

First, the document numbers that were scrambled in your November 20th letter were "029176 - 02978" and "03945 - 03949".

Secondly, I will be on vacation next week. Your delays in getting back to me on outstanding discovery issues (I have written to you regarding outstanding issues on January 26, 27, 30, 31 and February 2nd) have the effect of prolonging discovery long past the termination date mandated by Magistrate Bowler. We will have to schedule the 30b6 depositions that you have noticed for the week of February 20th. Kurt Bratten or I will have dates for you shortly.

Third, you still have not given me a date to resume the 30b6 trade secret deposition. Your request that MRO declassify all of its attorney's eyes only documents is unreasonable, and MRO is unwilling to comply with it. There's no reason why M2's experts can't review this material. If you have specific items you want declassified, please advise me, as you did in your letter of November 20, 2005, and MRO will consider them.

Fourth, you will have not told me in writing, as you promised to do several weeks ago, where you believe MRO's document production falls short.

Fifth, you have not given me any explanation of M2's failure to produce the documents relating to Indus, which were produced by Indus in response to our subpoena. I remind you that Mr. Bevington represented to the Court, under oath, that all responsive documents had been produced.

Sixth, you have not responded to my request that MRO's expert report on trade secrets be deferred pending the completition of the M2 30b6 deposition on trade secret issues.

I would appreciate it if you'd respond to these issues in writing. Please copy Kurt Bratten.

Lee Gesmer



Kurt Bratten
*kurt.bratten@gesmer.com*

*Attorneys at Law*

February 24, 2006

**VIA FACSIMILE (508) 749-6031**
**AND FIRST CLASS MAIL**

Mark Resnick, Esq.
Fee, Rosse & Lanz, P.C.
321 Boston Post Road
Sudbury, MA 01776

    Re:   *M2 Consulting, Inc. v. MRO Software, Inc.*
           U.S. District Court C.A. No. 03-12589-GAO

Dear Mark:

    Based on the letter that I received from you today, this will confirm that you and I will hold a local rule 7.1 conference on February 28th at 11:00 am.

    With respect to M2's Rule 30(b)(6) deposition notice, MRO's designees are available as follows during the week you selected:

- MRO's designee on Topic 1 (a)-(d) (MRO's compliance with M2's document requests) is available on March 7th;
- MRO's designee on Topic 3 (negotiation of the 2002 Hosting Agreement) is available from March 6th - 9th; and
- MRO's designee on Topics 4 and 5 (MAXIMO hosting leads) is available from March 7th - 10th.

    Pursuant to your letter, M2 is willing to give MRO a reasonable extension of time with regard to its expert report. Thank you for agreeing to this request. You and I can discuss the details of this extension during our call on Tuesday. This extension will obviously apply to the deadline for completing expert depositions as well.

    With regard to M2's request that MRO declassify all documents produced by MRO that have been designated "attorney's eyes only" under the Confidentiality Order, MRO must respectfully refuse this request. M2 has not articulated a reasonable basis why MRO should agree to declassify and expose documents containing highly confidential company information and trade secrets, some of which plainly have no application to M2's misappropriation claim. Moreover, Mr. Bevington is perfectly capable of testifying in connection with MRO's Rule 30(b)(6) Deposition Notice concerning trade secrets without having personally viewed all of MRO's "attorney's eyes only" documents.

Letter to Mark Resnick, Esq.
February 24, 2006
Page 2

      We can discuss these issues further and some of the other topics in my February 22nd letter during our conference on Tuesday.

                              Very truly yours,

                              *[signature]*

                              Kurt Bratten