UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| M$^2$ CONSULTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> MRO SOFTWARE, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 03-12589-GAO <br> ) <br> ) <br> ) <br> ) |

M$^2$ CONSULTING, INC.'s OPPOSITION TO MRO SOFTWARE, INC'S
MOTION TO COMPEL PRODUCTION OF A WITNESS
PURSUANT TO RULE 30(b)(6) DEPOSITION NOTICE

I.   Introduction

Plaintiff M2 Consulting, Inc. ("M2") opposes Defendant MRO Software, Inc.'s ("MRO") Motion to Compel Production of a Witness Pursuant to Fed.R.Civ.P.Rule 30(b)(6) ("MRO's Motion to Compel"), on the grounds that: (1) it has not refused to complete the subject deposition; and (2) MRO cannot be permitted to compel M2 to complete the deposition under circumstances that would be manifestly unfair to M2.

II.   Procedural Background

As part of the discovery process in this case, the Court has entered a Confidentiality Order controlling the use of documents produced by the litigants. It contains a provision which permits litigant to produce documents with an "attorneys eyes only" designation. Document produced with this designation may not be shown to a party by its counsel.

1

MRO has produced a volume of documents responsive to M2's documents requests in this case. Hundreds of pages of MRO documents were however produced with the attorneys eyes only designation, and consequently could not be shown to or reviewed by M2 personnel. Ultimately, M2 requested that MRO declassify certain specifically identified documents which had been produced with the attorneys eyes only designation, and MRO agreed. Over 800 pages of documents were re-designated "attorneys eyes only" to "confidential". The remainder of the documents which MRO had produced with the attorneys eyes only designation remained however unavailable to M2 (the "Remaining AEO Documents").

On or about September 7, 2005, MRO served M2 with a Rule 30(b)(6) Deposition Notice seeking information regarding, *inter* alia, the substance and identity of M2's Confidential Information, the identity of all documents which show M2's Confidential Information, any documents showing that M2 shared its Confidential Information with MRO, and M2's sharing or communication of its Confidential Information to MRO. M2 designated Rick Bevington ("Mr. Bevington"), its Chief Executive Officer, as its designee to testify on those topics, because he is the M2 person most knowledgeable to testify on the subject designated topics.

On January 24, 2006, M2 produced Mr. Bevington to testify at it's Rule 30(b)(6) deposition. During that deposition, Mr. Bevington was asked to give full and complete testimony regarding M2's claim that MRO misappropriated M2 trade secrets. MRO's counsel stated that the deposition was his last chance to obtain a full statement of M2's misappropriation claim. Bevington was asked to review the declassified attorneys eyes only documents and to identify the MRO documents which he believed evidenced

misappropriation of M2 trade secrets. Mr. Bevington did so, and identified certain MRO documents, which had previously been produced with the attorneys eyes only designation and subsequently declassified, as reflecting misappropriation of M2 trade secrets. MRO's counsel requested that the deposition be suspended so that Mr. Bevington could examine all the documents previously produced to identify any additional documents which might evidence such misappropriation. In the interest of providing a full and complete description of M2's case, its counsel subsequently requested that Bevington be permitted to examine the Remaining AEO Documents, because it was only through such a review that M2 could determine the scope and depth of the misappropriation. MRO had steadfastly refused this request.

### III.    Argument

A. <u>M2 Has Not Refused to Produce a Witness for the Completion of this Rule 30(b)(6) Deposition</u>.

M2 agreed to suspend Mr. Bevington's deposition. It agreed to have him review documents produced in this case so that he could testify regarding the extent to which certain documents reflect MRO's misappropriation of M2's trade secrets. M2 has also taken the position that Mr. Bevington must be permitted to review the Remaining AEO Documents before his testimony resumes, so he can provide the full and complete articulation of M2's trade secret misappropriation evidence which MRO admits it seeks.

Unless Mr. Bevington is permitted to examine the Remaining AEO Documents, M2 cannot testify fully or fairly with respect to its misappropriation claim, because the very evidence which strengthens that claim is being hidden from M2 by MRO's refusal to permit Mr. Bevington to examine those documents.

It is manifestly unfair to require M2 to provide full and complete testimony regarding these claims on one hand, while simultaneously depriving it of the right to review documents which likely would contain significant evidence of that very same misappropriation. Particularly where the Confidentiality Order in place in this case requires Bevington to sign and be bound by its provisions, and where Bevington has agreed to do so, there is simply no reasonable basis for MRO's refusal to permit Bevington to review these documents for his deposition recommences.

B. <u>Pursuant to Fed.R.Civ.P.Rule 30(b)(6), M2 Has Appointed Mr. Bevington As It's Deposition Designee</u>.

MRO has taken the position that M2 should retain a trial expert and have that expert review the Remaining AEO documents. This position lacks any foundation in law or fact. MRO has no right whatsoever to compel M2 to retain an expert to review the Remaining AEO documents. M2 has the right to designate whoever it wishes to testify on its behalf. The fact the MRO does not like M2's designation simply does not entitle it to hold relevant documents which it has produced in this case hostage to an arbitrary AEO designation.

C. <u>MRO Can Articulate No Valid Reason For Refusing To Permit Bevington To Examine the Remaining AEO Documents.</u>

MRO has failed to advance a single legitimate reason for its refusal to permit Mr. Bevington to examine the Remaining AEO Documents. It cannot. Mr. Bevington would be bound by the Confidentiality Order to the same extent as an expert retained by M2 for the same purpose. He could not abuse the information he reviewed, nor could he use it for any other purpose. M2 is entitled to designate him as its Rule 30(b)(6) designee.

4

At the heart of MRO's position is its simple lack of trust.  Lack of trust on MRO's part is misplaced, particularly where in this action, it is MRO that had abused information produced in discovery, not M2.  MRO's obvious objective here is to attempt to use procedural slight of hand to force M2 to testify about the alleged "totality" of its misappropriation claim, based upon an incomplete record – an incomplete record orchestrated by MRO in an inappropriate attempt to gain a perceived advantage in this case.  Such tactics should not be tolerated by this Court.

IV.    Conclusion

For the reasons set forth above, the Plaintiff respectfully requests that this Court deny defendant's Motion to Compel, direct MRO to permit Mr. Bevington to review the Remaining AEO Documents, and direct that the Rule 30(b)(6) deposition be scheduled no earlier than two weeks after the Remaining AEO Documents have been delivered to Mr. Bevington for review.

    M2, Inc.
    By its Attorneys
    Fee Rosse & Lanz, PC

    /s/ Michael C. Fee
    Michael C. Fee, Esq. (BBO NO. 552796)
    Mark S. Resnick, Esq. (BBO NO. 559885)
    Fee, Rosse & Lanz, P.C.
    321 Boston Post Road
    Sudbury, MA  01776
    (978) 440-7000

CERTIFICATE OF SERVICE

    I, Michael C. Fee, Esq., hereby certify that I have on the 29th day of March, 2006 served, by first class mail, a copy of the foregoing document upon:

Lee Gesmer, Esquire
Gesmer Updegrove LLP
40 Broad Street
Boston, MA  02109 - 4310

                                               /s/ Michael C. Fee